# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS JULY 23, 2002

## BRIAN STUART OAKLEY, JEREMY SHANE OAKLEY, and JASON SCOTT OAKLEY, Minor Children, by their Court Appointed Guardians, PHILLIP C. OAKLEY and DEBBIE L. OAKLEY v. THE STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission**
**No. 12231;  The Honorable Randy C. Camp, Commissioner**

---

**No. W2002-00095-COA-R3-CV - Filed January 8, 2003**

---

This appeal involves the decision of the Claims Commission to dismiss the Claimants' case for failure to prosecute.  The Claimants filed suit against the State alleging "negligent care, custody, and control of persons" after their father was killed by a juvenile inmate at the John S. Wilder Youth Development Center.  The Claims Commission, finding that the Claimants had failed to take action in over one year, granted the State's Motion to Dismiss for Failure to Prosecute.  The Claimants appeal the Claims Commission's order dismissing their case for failure to prosecute.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Claims Commission Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Mark R. Olson, Clarksville, TN, for Appellants

Paul G. Summers, Attorney General & Reporter, Michael E. Moore, Solicitor General, Mary M. Bers, Senior Counsel, Nashville, TN, for Appellee

## OPINION

### Facts and Procedural History

Claimants/Appellants are the surviving children of the deceased, William Kenneth Oakley ("Mr. Oakley").  The Claimants brought suit against the State in the Tennessee Claims Commission pursuant to Tennessee Code Annotated § 9-8-307(a)(1)(E) for "negligent care, custody and control of persons."  In their complaint, the Claimants alleged that David Britt ("Britt"), a juvenile inmate

at the John S. Wilder Youth Development Center[1] ("the Center"), fatally shot Mr. Oakley, and that the shooting was part of a conspiracy with Diane Oakley ("Ms. Oakley"). At the time of the shooting, Britt had been released into the care and custody of his mother, Helen Overman, on a youth pass issued by the Center. Claimants further alleged that Ms. Oakley, a teacher's assistant employed at the Center, had become romantically involved with Britt while Britt was in the State's custody.

The Claimants demanded a judgment against the State in the amount of $300,000 for the State's negligence. Specifically, the Claimants alleged that the State was negligent in failing to supervise the activities of Britt and Ms. Oakley, was negligent in issuing a pass to Britt and was negligent in failing to have any guidelines or regulations relating to the non-fraternization of juvenile inmates and employees.

This case is before this Court on appeal from the Claims Commission's dismissal of the case for failure to prosecute. The record reflects the following chronology:

**September 28, 1990** Claimants filed their Claim with the Division of Claims Administration. The claim was brought pursuant to Tennessee Code Annotated § 9-8-307(a)(1)(E).

**January 8, 1991** In accordance with Tennessee Code Annotated § 9-8-402(e), the claim was transferred to the Tennessee Claims Commission.

**April 10, 1991** The State filed a motion for summary judgment.

**November 5, 1996** The State, pursuant to Tennessee Code Annotated § 9-8-402(b) and Tennessee Rule of Civil Procedure 41.02, filed a Motion to Dismiss for Failure to Prosecute.

**January 10, 1997** The Claimants responded in opposition to the motion to dismiss.

**February 7, 1997** The Claims Commission denied the State's motion to dismiss and gave the Claimants until May 2, 1997 to file their response to the State's April 1991 motion for summary judgment.

**November 29, 1999** The State filed its second Motion to Dismiss for Failure to Prosecute.

**January 27, 2000** Order of Dismissal, dismissing the Claimants' claim for failure to prosecute.

**February 18, 2000** Claimants filed a Motion to Set Aside Order of Dismissal pursuant to Rules 59 and 60 of the Tennessee Rules of Civil Procedure.

---

[1] At the time the complaint was filed, the John S. Wilder Youth Development Center was operated by the Tennessee Department of Youth Development. At the time the briefs were filed in this appeal, the Center was under the Department of Children's Services.

**November 3, 2000**  Order denying the Claimants' first motion.

**November 30, 2000**  Claimants filed a second Motion to Set Aside Order of Dismissal pursuant to Rules 59 and 60 of the Tennessee Rules of Civil Procedure.

**November 30, 2000**  Claimants filed a Motion to Submit Document for Consideration Under Seal.

**May 24, 2001**  Order denying Claimants' second motion.

**June 20, 2001**  Claimants filed a Motion to Set Aside Order pursuant to Rules 59 and 60 of the Tennessee Rules of Civil Procedure.  This motion requested that the Claims Commission set aside its March 5, 2001 [*sic*] order, which claimants alleged was "entered as a result of a mistake."

**October 23, 2001**  Order denying Claimants' third motion.

**November 21, 2001**  Claimants filed their notice of appeal.

**November 21, 2001**  Claimants filed a fourth Motion to Set Aside Order and to Schedule Formal Hearing on Plaintiffs' Motion pursuant to Rules 59 and 60 of the Tennessee Rules of Civil Procedure.  This motion asked the Claims Commission to set aside the order entered on October 23, 2001.  This motion also asked for a hearing "on the merits of the Motion to Reinstate of Record with this Court."

**January 7, 2002**  Order denying the Claimants' fourth motion.

Thereafter, Claimants pursued their previously filed appeal.

## Issues

The parties have raised the following issues for our review:

1. Whether the Claims Commissioner properly granted the State's Motion to Dismiss for Failure to Prosecute?

2. Whether the Claims Commissioner abused his discretion by dismissing the Claimants' claim without a hearing following the State's Motion to Dismiss for Failure to Prosecute?

3. Whether the Claimants were deprived of their Constitutional right to notice and an opportunity to be heard in a meaningful way, in violation of the 14th Amendment and Article I § 8 of the United States Constitution and state constitutional guarantees?

## Law and Analysis

Before the parties' issues may be addressed, we must first determine whether Claimants timely filed their notice of appeal. This Court has taken up this issue on its own motion in accordance with Tennessee Rule of Appellate Procedure 13(b) because its resolution bears directly on our jurisdiction to consider the merits of this appeal. Wright v. Blalock, No. 86-96-II, 1986 Tenn. App. LEXIS 2958 (Tenn. Ct. App. Apr. 30, 1986).[2]

In an appeal as of right, T.R.A.P. 4(a) requires that a notice of appeal "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; . . ." T.R.A.P. 4(a); see also Kyte v. Tennessee Department of Safety, C.A. No. 01A01-9504-CH-00150, 1995 Tenn. App. LEXIS 650 (Tenn. Ct. App. Oct. 4, 1995). T.R.A.P. 4(b), however, enumerates certain post-trial motions that, if timely filed, terminate the running of the thirty day period. T.R.A.P. 4(b); see also Gassaway v. Patty, 604 S.W.2d 60, 60-61 (Tenn. Ct. App. 1980). It provides:

> In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under 59.02 for a new trial; (4) under Rule 59.04 to alter or amend the judgment; **the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion**.

T.R.A.P. 4(b) (Emphasis added).

In the case *sub judice*, the order of dismissal was filed on January 27, 2000 and the Claimants filed their first Motion to Set Aside Order of Dismissal on February 18, 2000. Claimants' motion stated that the motion was brought pursuant to Rules 59 and 60 of the Tennessee Rules of Civil Procedure. A motion made pursuant to Rule 60, however, can only be made when there is a "final judgment, order or proceeding." T.R.C.P. 60.02. Therefore, a motion under Rule 60.02 "is not appropriate prior to thirty days after entry of judgment." BANKS & ENTMAN, TENNESSEE CIVIL PROCEDURE §12-2(c) (1999) (citing Campbell v. Archer, 555 S.W.2d 110, 112 (Tenn. 1977)). The order of dismissal in this case did not become final until thirty days after January 27, 2000. Claimants filed their first motion on February 18, 2000, which was before the expiration of this thirty day period. Therefore, the motion could not be made pursuant to Rule 60. As to Claimants' Rule 59 ground, our Supreme Court noted in Campbell that a Rule 59 motion is the "appropriate remedy for asserting alleged errors affecting a judgment which has not yet become final." Campbell, 555 S.W.2d at 112.

---

[2] "'This Court cannot ignore jurisdictional issues even when they have not been raised by the parties themselves.'" Wright, 1986 Tenn. App. LEXIS 2958 (citing Dalton v. Dean, 117 S.W.2d 973, 974 (1938)).

Although no technical forms of motions are required by Tennessee Rule Civil Procedure 8.05(1), Claimants' motion to set aside is in substance a motion to alter or amend the judgment and/or a motion for a new trial. See Gassaway, 604 S.W.2d at 60, 61. Rules 59.02 and 59.04 of the Tennessee Rules of Civil Procedure provide that such motions must be filed and served "within thirty (30) days after the entry of judgment." T.R.C.P. 59.02 and 59.04. The Claimants timely filed this motion, tolling the time within which to file an appeal. T.R.A.P. 4(b). The order denying the February 18, 2000 motion was filed by the Claims Commission on November 3, 2000. The time in which to file a notice of appeal began to run upon entry of the November 3, 2000 order, denying the Claimants' motion. Gassaway, 604 S.W.2d at 61. Claimants had thirty days from this date in which to file their notice of appeal. Claimants did not file their notice of appeal until November 21, 2001.

Instead, on November 30, 2000, Claimants filed a second Motion to Set Aside Order of Dismissal, listing Rule 59 and Rule 60 as grounds for relief. We will discuss each ground for relief in turn, beginning with Claimants' Rule 59 ground. The Rule 59 ground alleged in the November 30, 2000 motion provides little help to Claimants. This motion was not filed within thirty days from the entry of the January 27, 2000 order of dismissal, as required by Rule 59. See Gassaway, 604 S.W.2d at 61. "This motion, in essence, is a motion to reconsider the trial court's ruling on the previously filed motion. Motions filed and served in serial fashion will not extend the time for filing a Notice of Appeal as required under the rules." Southern Cooperative Development Fund v. Gilliam, No. 02A01-9112-CV-00302, 1992 Tenn. App. LEXIS 431, at *3 (Tenn. Ct. App. May 19, 1992) (citing Gassaway 604 S.W.2d at 60). The motions enumerated in Rule 59.01 of the Tennessee Rules of Civil Procedure, are the "only motions contemplated in these rules for extending the time for taking steps in the regular appellate process. Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings." T.R.C.P. 59.01; see also Kyte, 1995 Tenn. App. LEXIS 650, at *6-7.

We now turn our attention to the Rule 60 ground. A motion pursuant to Rule 60.02 "shall be made within a reasonable time." T.R.C.P. 60.02. Claimants filed this second Motion to Set Aside Order of Dismissal on November 30, 2000 seeking to attack the January 27, 2000 Order of Dismissal. While the determination of what constitutes a reasonable time is based on the facts and circumstances of each case, we conclude that Claimants brought this motion pursuant to Rule 60 within a reasonable time. A Rule 60 motion, however, does not toll the time within which to bring an appeal. See T.R.C.P. 60.02 ("A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation . . ."); see also T.R.A.P. 4(b). In order for the January 27, 2000 Order of Dismissal to be properly before this Court, the Claimants would have had to file their notice of appeal within thirty days from November 3, 2000, the entry date of the order denying Claimants' Rule 59 motion dated February 18, 2000. Claimants, however, did not file their notice of appeal until November 21, 2001.

Claimants' motion dated November 30, 2000 was denied by order entered on May 24, 2001. Thereafter, on June 20, 2001, Claimants filed a Motion to Set Aside Order, listing Rule 59 and Rule

60 as grounds for relief. Claimants' motion requested that the March 5, 2001[3] order be set aside as it was entered "as a result of a mistake."[4] Claimants' attempt to proceed pursuant to Rule 60 is inappropriate. In the June 20, 2001 Motion to Set Aside Order, Claimants are attempting to challenge the May 24, 2001 order denying Claimants' Rule 60 motion dated November 30, 2000. A motion made pursuant to Rule 60, however, can only be made when there is a "final judgment, order or proceeding." T.R.C.P. 60.02. Thus, a motion under Rule 60.02 "is not appropriate prior to thirty days after entry of judgment." BANKS & ENTMAN, TENNESSEE CIVIL PROCEDURE § 12-2(c) (1999) (citing Campbell, 555 S.W.2d at 112). The order denying Claimants' November 30, 2000 Rule 60 motion was entered on May 24, 2001. This order did not become final until thirty days after May 24, 2001. Claimants filed their motion challenging this order on June 20, 2001, which was before the expiration of this thirty day period. Thus, any attempt to proceed under Rule 60 is invalid.

Claimants did, however, allege Rule 59 as another ground in this same motion. As our Supreme Court has stated, a Rule 59 motion is the "appropriate remedy for asserting alleged errors affecting a judgment which has not yet become final." Campbell, 555 S.W.2d at 112. Thus, we will treat Claimants' June 20, 2001 motion as having been brought pursuant to Rule 59. The Claims Commission denied this motion by order entered October 23, 2001. Claimants then had thirty days from this date within which to file their notice of appeal. Claimants timely filed their notice of appeal on November 21, 2001.

This Court has previously been presented with a case of similar procedural posture. In Third National Bank, this court was called upon to decide whether a Rule 59 motion to alter or amend may be used to seek re-examination of the trial court's decision to deny a Rule 60 motion. Third National Bank of Nashville Tennessee v. Moreau P. Estes, IV., App. No. 85-142-II, 1986 Tenn. App. LEXIS 3557, at *5 (Tenn. Ct. App. Mar. 12, 1986). In that case, a default judgment was entered against the defendant on March 22, 1984. Id. at *3. On June 14, 1984, the defendant filed a motion pursuant to Rule 60.02 seeking to set aside the default judgment, alleging that the service of process was inadequate. Id. The trial court denied this motion by order dated July 9, 1984. Id. Thereafter, on August 6, 1984, the defendant filed a Motion to Re-hear Motion to Set Aside Default Judgment. Id.

---

[3] We have conducted a through review of the record and nowhere is there a March 5, 2001 order. In Claimants' June 20, 2001 motion, counsel states that the March 5, 2001 order was "entered as a result of a mistake, as set forth in Counsel's Affidavit dated June 20, 2001." In the accompanying affidavit, counsel refers to an order entered on May 21, 2001. This order was actually entered on May 24, 2001. Thus, Claimants' June 20, 2001 motion is appealing the May 24, 2001 order.

[4] The mistake Counsel refers to in his affidavit accompanying the June 20, 2001 motion relates to an order denying a motion for "failure to respond to a letter requesting that an Order be submitted." Counsel claims that he did not receive said letter until May 25, 2001. Counsel further states that he had recently undergone a change in his practice and that he now occupied the building next door. Counsel attached this letter to his affidavit as Exhibit 1. The letter, dated March 5, 2001, was addressed to Mr. Olson at 112 Franklin Street - Clarksville, Tennessee 37040. Interestingly, we note that in both Counsel's motion and accompanying affidavit dated June 20, 2001, counsel lists his address as 112 Franklin Street - Clarksville, Tennessee 37040. It troubles this court why counsel would allege that the letter was sent to the wrong address when counsel himself uses the same address.

at *4.  The trial court denied this motion on August 24, 1984 and the defendant filed his notice of appeal on September 20, 1984.  Id.

In addressing this issue, this court noted that after a denial of a Rule 60 motion, "an affected party may, at its option, pursue a direct appeal or seek re-examination of the order pursuant to Tenn. R. Civ. P. 59."  Id. at *5-6 (citations omitted).   We further noted that when a Rule 59 motion is timely filed, it has the effect of tolling the time within which T.R.A.P. 4(b) requires the party to file a notice of appeal.  Id. at *8.  Applying these principles to the case, this Court held that the defendant's notice of appeal was timely filed.  Id.  The defendant filed his Rule 59 motion twenty-eight days after the entry of the order denying his Rule 60 motion, suspending the time for filing a notice of appeal from the lower court's denial of the Rule 60 motion.  Id.  Thus, when the defendant filed his notice of appeal twenty-seven days after entry of the order denying his Rule 59 motion, it was timely.  Id.

However, the Rule 59 motion does not challenge the validity of the underlying judgment; the challenge only reaches the Rule 60 judgment.  Id. at *9 (citations omitted).  "Thus, an appeal from the denial of a Tenn. R. Civ. P. 59 motion does not bring up the underlying judgment for review. It calls upon the appellate court to review only the correctness of the trial court's decision with regard to the Tenn. R. Civ. P. 60 motion."  Id.

Applying the holding and principles of Third National Bank to the case at bar, we conclude that we have jurisdiction to review the trial court's actions with respect to the May 24, 2001 order denying Claimants' motion dated November 30, 2000.  We do not, however, have jurisdiction to review the propriety of the January 27, 2000 order of dismissal or the November 3, 2000 order denying Claimants' motion dated February 18, 2000.[5]

Claimants notice of appeal, filed November 21, 2001, states in pertinent part "Plaintiffs appeal the dismissal of this case to the Tennessee Court of Appeals."  Upon reading the notice of appeal, one may surmise that the only issue Claimants are appealing is the January 27, 2000 Order of Dismissal.   In their brief, however, Claimants allege that they were "deprived of their Constitutional right to notice and an opportunity to be heard in a meaningful way" by the failure of the Claims Commission to allow a "hearing on the merits of the Appellant's [*sic*] Motions to reinstate the civil action."

_____

[5] T.R.A.P. 4(b) clearly requires that "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion."  See Gassaway, 604 S.W.2d at 61.  Calculating thirty days from November 3, 2000, the entry date of the order denying the Claimants' motion, the notice of appeal filed on November 21, 2001 was not timely.  Thus, all issues regarding the propriety of the January 27, 2000 dismissal for failure to prosecute are not properly before this court.

Likewise, in order for the November 3, 2000 order to be properly before this Court, the Claimants would have had to file their notice of appeal within thirty days after the November 3, 2000 order denying their February 18, 2000 motion.  T.R.A.P. 4(a).  Claimants did not file their notice of appeal until November 21, 2001, well after the expiration of the thirty day period.  Because the notice of appeal was not timely filed with respect to this order, this Court cannot address the propriety of this motion.

We observe that the Claimants' notice of appeal has failed to specify the order or orders being appealed. See Dunlap v. Dunlap, 996 S.W.2d 803, 810 (Tenn. Ct. App. 1998). One of the specific requirements of Rule 3(f) of the Tennessee Rules of Appellate Procedure is that the notice of appeal "designate the judgment from which relief is sought." T.R.A.P. 3(f). Nevertheless, we conclude that failure of the Claimants to comply with T.R.A.P. 3(f) does not prevent this Court from reviewing the issues Claimants have raised in their appellate brief. See Dunlap, 996 S.W.2d at 810.

In its comment to Rule 3(f), the advisory commission explained:

> This subdivision specifies the content of the notice of appeal. The purpose of the notice of appeal is simply to declare in a formal way an intention to appeal. As long as this purpose is met, it is irrelevant that the paper filed is deficient in some other respect. Similarly, the notice of appeal plays no part in defining the scope of appellate review. Scope of review is treated in Rule 13. This subdivision read in conjunction with Rule 13(a) permits any question of law to be brought up for review [except as otherwise provided in rule 3(e)] as long as any party formally declares an intention to appeal in timely fashion.

Glidden v. Glidden, 1987 Tenn. App. LEXIS 2628, at *3 (Tenn. Ct. App. Apr. 16, 1987) (citing T.R.A.P. 3(f) advisory commission's comment).

Rule 13(a) of the Rules of Appellate Procedure governs the scope of review and provides that "any question of law may be brought up for review . . ." T.R.A.P. 13(a). The Advisory Comment to Rule 13(a) "'rejects use of the notice of appeal as a review-limiting device' and further states : '[O]nce any party files a notice of appeal the appellate court may consider the case as a whole.'" Glidden, 1987 Tenn. App. LEXIS, at *3 (citing T.R.A.P. 13(a) advisory commission's comment).

This Court has previously examined the relationship between Rule 3(f) and Rule 13(a). In Glidden, this Court held that once a party has taken an appeal pursuant to Rule 3, "any question of law or fact involved in the case as a whole may be considered by the appellate court." Glidden, 1987 Tenn. App. LEXIS, at *3-4. Therefore, we conclude that, despite Claimants failure to designate the judgment or judgments appealed from in their November 21, 2001 notice of appeal, the Claimants "should be allowed to present any question of law or fact involved in this case for this court's review." See Dunlap, 996 S.W.2d at 811 (citing Glidden, 1987 Tenn. App. LEXIS, at *3).

This Court will not address the parties first two issues as they relate to the propriety of the January 27, 2000 Order of Dismissal. The notice of appeal regarding this order was not timely filed for reasons stated *supra* and thus is not properly before this Court. The third issue before this Court relates to the Claimants' argument that their Constitutional rights were violated by the Claims Commissions' refusal to allow a hearing on the merits of Claimants' motions. This issue will not be addressed by this Court. It is well settled that issues not raised in the trial court may not first be raised on appeal. Tamco Supply v. Pollard, 37 S.W.3d 905, 909 (Tenn. Ct. App. 2000). The

claimants did not raise the issue of deprivation of their constitutional rights in any of their motions addressed to the Claims Commission. Therefore, the Claimants have waived this issue.

The only issue properly before this Court is whether the trial court was correct in denying the Claimants' Rule 60 motion dated November 30, 2000. See Third National Bank, 1986 Tenn. App. LEXIS 3557, at *9. A motion made pursuant to Rule 60 which seeks relief from a judgment is addressed to the discretion of the trial court. Id. (citations omitted). Thus, this Court will review the trial court's decision to determine whether the trial court abused its discretion in denying Claimants' Rule 60 motion. See id. at *10.

Where a party seeks relief under Rule 60.02, the movant bears the burden of proving that he is entitled to relief. Id. (citations omitted). This principle is also true for parties seeking relief from a default judgment.[6] Id. "However, motions to set aside default judgments are not viewed with the same strictness that motions to set aside judgments after a hearing on the merits are viewed." Id. at *10. Where a party is seeking relief from a final judgment after a hearing, courts are more likely to classify the relief provided in 60.02 as extraordinary. See Tennessee Department of Human Services v. Barbee, 689 S.W.2d 863, 867 (Tenn. 1985). However, "[m]otions to set aside default judgments are construed liberally in favor of granting the relief requested." Third National Bank, 1986 Tenn. App. LEXIS 3557, at *10-11 (citing Barbee, 689 S.W.2d at 867) .

A movant may obtain relief from a default judgment in one of two ways. Usually, the movant will set forth facts that explain why he or she is entitled to relief and that demonstrate a meritorious defense to the underlying action. Id. The other way to set aside a default judgment is with proof in accordance with Rule 60.02(3) that the judgment itself is void. Id. (citations omitted).

The Claimants' motion states:

Counsel did not receive the original Motion to dismiss this case, filed by the State, until received from the Claim's Commissions office on November 3, 2000.

This case has been active, and was active, in the year before the dismissal. Counsel further respectfully refers the Court and Counsel to the Affidavit of Mark Olson submitted contemporaneously with this motion.

While Claimants have not clearly identified which specific provision of Rule 60.02 upon which they rely, we have determined that relief is sought under 60.02(3). Apparently, Claimants are asserting that the judgment was void because they did not receive notice of the State's intention to file a motion to dismiss.

---

[6] This Court has previously held that the dismissal for failure to prosecute is analogous to a default judgment. Columbia Advertising Agency v. Isenhour, et al., No. M2001-01627-COA-R3-CV, 2002 Tenn. App. LEXIS 391, at * 5 (Tenn. Ct. App. June 5, 2002) (citing Nelson v. Simpson, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991)).

Our Supreme Court has recognized that "'[a]s a general rule, notice of an intention to move for dismissal of an action should be given, and there must be a hearing on the motion.'" White v. College Motors, Inc., 370 S.W.2d 476, 477 (Tenn. 1963) (citing Hunter v. May, 25 S.W.2d 580, 581 (Tenn. 1929)). Our Supreme Court has also recognized that the principle of Hunter v. May is not controlling in every case. Id. at 477. In White, the plaintiff had a summons issued against the defendant on February 10, 1958, which was executed and returned the following day. Id. In March of 1961, plaintiffs filed their declarations and the defendants filed an answer thereto on March 24, 1961. Id. Thereafter, on January 23, 1963, the case was dismissed for want of prosecution. Id. The plaintiffs filed a motion for new trial on February 2, 1963. Id. The trial court overruled this motion and the plaintiffs appealed, alleging that the trial court erred in dismissing the case without notice to the plaintiffs. Id.

In assessing the plaintiff's appeal, the Supreme Court noted that granting a motion to dismiss for failure to prosecute is within the discretion of the trial judge. Id. The Court then approved the following statement: "[a]s a general rule, an action may be dismissed or a non-suit granted because of the plaintiff's failure to appear and prosecute his case, or for his failure to prosecute his case diligently." Id. (citing 17 AM. JR. p.151). As to the plaintiffs argument that the trial court should have required the defendants to give notice of their intent to seek a dismissal and should have held a hearing, the Court cited Hunter v. May for the general rule that notice and a hearing should be given before any action is taken. Id. The Court reaffirmed the general rule, but held that it was not controlling in the White case. Id. The Court, taking into account that the only action taken in five years was the filing of declarations and answers thereto, held that the trial judge "might well have concluded these actions had been abandoned." Id.

We adopt the position of our Supreme Court in White and hold that the general rule of Hunter v. May is not controlling in this case. In the present case, the order of dismissal was entered almost ten years after the claim was initially filed. In this time, the majority of the action taken in this case was initiated by the State. In the two years proceeding the filing of the State's second motion to dismiss, the only major action taken by the Claimants was on January 10, 1997 when they responded in opposition to the State's first motion to dismiss. The Claimants have never filed their response to the State's April 1991 motion for summary judgment despite instruction from the Claims Commission to do so, the Claimants have twice cancelled the scheduled depositions of Britt and Ms. Oakley with no attempt to reschedule, and the Claimants have never responded to the State's Interrogatories and Requests for Production, which have been outstanding for over three years. Under these circumstances, the Claims Commissioner "might well have concluded that these actions had been abandoned." See White, 370 S.W.2d at 477. Accordingly, we find the Claims Commissioner did not abuse his discretion in denying Claimants' Rule 60 motion.

Also, an attempt was made by the State to notify Claimants of the State's intention to move for dismissal. The certificate of service on the motion to dismiss stated that a "true and exact copy of the foregoing has been forwarded by first-class mail, postage pre-paid to Mr. Mark R. Olson, Attorney for the Claimants, 114 Franklin Street, Clarksville, Tennessee 37040 . . . on this the 29th day of November, 1999." Claimants assert that they first realized that the State had filed a motion

to dismiss when Claimants received a copy of the order of dismissal. Interestingly, the certificate of service on the order of dismissal showed that the order was mailed to the same address that the motion to dismiss was mailed. Thus, we find Claimants' assertion that the motion to dismiss may have somehow been "mis-routed" to be without merit.[7]

## Conclusion

For the foregoing reasons, we find that the Claims Commissioner did not abuse his discretion in denying the Claimants' Rule 60 motion. Costs on appeal are taxed to the Claimants, Brian Stuart Oakley, Jeremy Shane Oakley, and Jason Scott Oakley, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[7] The Tennessee Rules of Civil Procedure state that service of a written motion upon the attorney "shall be made . . . by mailing it to such person's last known address." See T.R.C.P. 5.01 and 5.02. Rule 5.03 provides that proof of service may be "by affidavit of the person who served the papers, or by any other proof satisfactory to the court." T.R.C.P. 5.03. In our view, the State followed the proper procedure in serving the motion on Claimants.