Alfred CAMPBELL and wife Minnie Frances Campbell, Petitioners,

v.

Robert ARCHER and wife, Pauline Archer, Respondents.

Alfred CAMPBELL and wife, Minnie Frances Campbell, Petitioners,

v.

George SPARKS and wife, Luella Sparks, Respondents.

Supreme Court of Tennessee.

Sept. 6, 1977.

Jerry S. Jones, Johnson City, Douglas J. Carter, Milligan College, for petitioners.

Robert E. Banks and Lewis Merryman, Street, Banks, Merryman, Bautista & Banks, Elizabethton, for respondents.

## OPINION

BROCK, Justice.

These consolidated causes are actions for alleged damages to the plaintiffs' property caused by the wrongful diversion of surface waters by the defendants. The trial court awarded damages of $6,000.00 in one case and $4,000.00 in the other in favor of the plaintiffs and against the defendants who appealed. The issues presented are (1) whether or not the trial court erred in refusing to grant the motions filed by defendants to set aside the judgments pursuant to the provisions of Rule 60.02 of the Tennessee Rules of Civil Procedure and (2) whether or not the judgments were "default" judgments within the meaning of Rule 55.01, Tennessee Rules of Civil Procedure, and were invalidly entered because of failure to give five days notice to the defendant as provided in that Rule.

The defendants employed attorney Alfred Taylor of Milligan College, Tennessee, to represent them in these actions, and, answers were filed to the complaints of the plaintiffs. Thereafter, the cases were set for trial in October, 1974, but the trial was continued because of the illness of petitioners' counsel. The cases were then reset for hearing on January 28, 1975, but again were continued because of the illness of the circuit judge. Thereafter, in mid-February, 1975, the trial court reset the cases for trial on March 11, 1975, and the clerk prepared a notice of this trial date which was forwarded to attorney Taylor in mid-February, 1975. Although attorney Taylor does not deny that this notice was sent and received by his office, he does deny that he was aware of the trial date until after the trial had actually begun on March 11, 1975, when he received a telephone call from another attorney, Mr. Nelson, that the case was actually being tried. The defendants, Mr. and Mrs. Campbell, had no actual notice or knowledge that the case was to be tried on March 11, 1975, until mid-morning on that date when the trial had already begun.

Four days prior to the trial date of March 11, 1975, the defendants and their attorney, Mr. Taylor, decided that Mr. Taylor would no longer represent defendants in these actions but would formally withdraw as counsel. Defendants, Mr. and Mrs. Campbell, promptly employed new counsel, Mr. Jerry S. Jones, Johnson City, Tennessee, to represent them in these cases. Mr. Jones promptly obtained the files from Mr. Taylor but was not advised by Mr. Taylor or anyone else that the cases were set for trial four days later on March 11, 1975.

The plaintiffs and their counsel appeared ready for trial at the appointed hour on March 11, 1975, but the defendants, Mr. and Mrs. Campbell, and their counsel did not appear. The circuit judge directed other attorneys in the courtroom to telephone Mr. Taylor and inquire of his intention respecting the trial of these cases, whereupon, Mr. Taylor advised the court through the telephoning attorney that he had withdrawn as counsel in the cases and would not appear for trial on behalf of the defendants. Upon receiving this information, the trial judge determined to proceed with the trial and it began at approximately 9:00 a. m. on March 11, 1975, as scheduled. In the midst of the trial, the clerk of the court brought to the attention of the circuit judge a draft of an order permitting Mr. Taylor to withdraw as counsel in the cases but the trial judge refused to sign the same.

Upon receiving a telephone call from attorney Nelson on the morning of the trial and being informed by Mr. Nelson that the trial was proceeding, attorney Taylor promptly telephoned attorney Jerry Jones, defendants' new counsel, and informed him that the cases were being tried at that time. Mr. Jones immediately telephoned his

**112**

clients, Mr. and Mrs. Campbell, and arranged to meet Mr. Campbell immediately and proceeded with him to the courtroom. When attorney Jones and Mr. Campbell arrived in the courtroom, the case was being tried and witnesses were being examined. Mr. Jones requested permission of the court to approach the bench but permission was denied by the trial judge. After the presentation of the plaintiffs' evidence was completed, the jury had been instructed and had retired, Mr. Jones and Mr. Campbell conversed with the circuit judge in chambers and explained the situation to him. As stated the jury returned verdicts of $6,000.00 in one case and $4,000.00 in the other and judgments were entered upon the verdicts.

The defendants filed motions for a new trial alleging that they had a meritorious defense to the claims of the plaintiffs, that they had no notice or actual knowledge of the fact that the cases were to be tried on March 11, 1975, that their failure to appear was, at most, excusable neglect; and, that the judgments were "default" judgments within the meaning of Rule 55.01 of the Tennessee Rules of Civil Procedure and were invalid because five days notice of application for the entry of judgment had not been served upon the defendants. In due course, these motions for new trial were heard by the circuit judge and were overruled and the defendants appealed to the Court of Appeals which affirmed the judgments of the trial court. Certiorari was granted by this Court.

We elect to pretermit the question whether or not the judgments entered in these cases were, under the circumstances, "default" judgments which, under the provisions of Rule 55.01 of the Tennessee Rules of Civil Procedure, would require that the plaintiffs give five days notice to the defendants of application for entry of judgment.

 We have determined that petitioners are entitled to relief under Rule 59, Tennessee Rules of Civil Procedure, and that resort need not be had to Rule 60.02, upon which they rely. Rule 60.02, in pertinent part, provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

"(1) mistake, inadvertence, surprise or excusable neglect.

\* \* \* \* \* \*

"(5) any other reason justifying relief from the operation of the judgment."

The function of this Rule is to give relief from *final* judgments; Rule 59, providing for motion for new trial, is the appropriate remedy for asserting alleged errors affecting a judgment which has not yet become final.

 It has been recognized that a party may be relieved from a judgment or order because of the mistake, inadvertence, surprise or excusable neglect of his attorney. In *Panesi v. Boswell*, 59 Tenn. 323 (1873), the plaintiff in a replevin action was "called out" for failure to file a declaration. A writ of inquiry was awarded and several days afterwards was executed and judgment rendered against the plaintiff for the property in question together with the damages for its detention under the writ. Two days thereafter, the plaintiff appeared and moved to set aside the judgment upon an affidavit that he had employed an attorney to attend to the case, but when he asked the attorney why this had not been done the attorney stated that he was not aware that he had been employed although his name appeared on the docket as the attorney for the plaintiff. The affidavit further stated that the plaintiff was entitled to the property in question. The trial court overruled the motion for a new trial but, upon appeal, this Court held that the trial court had abused its discretion in failing to award relief to the plaintiff. See also *Reinshagan v. Larezzo*, 2 Tenn.Cas. (Shannon) 139 (1876).

In the instant case, it is clear that Mr. and Mrs. Campbell, personally, are not at fault. They had no actual notice that the case was set for trial on March 11, 1975.

The fault in these cases rests primarily with attorney Taylor or his office staff in not taking note of the notice of the trial date which was forwarded to him by the clerk. The facts make out a case of mistake, inadvertence, or excusable neglect, rather than one of willful failure to appear. Nor is there any evidence in the record that defendants, Mr. and Mrs. Campbell, were negligent in their choice of counsel.

On the other hand, there is no showing that the plaintiffs will suffer any particular prejudice if the judgments are set aside and a new trial awarded. There is no doubt, however, that plaintiffs will incur additional expense if required to employ counsel for a second trial and procure the attendance of their witnesses. Such expenses should be borne by the defendants rather than by the plaintiffs under the circumstances here shown.

We hold that the trial judge abused his discretion and erred in failing and refusing to set aside the judgments entered against the defendants and in failing to grant them a new trial. Accordingly, the judgments of the Court of Appeals and of the trial court in these causes are reversed and the cases are remanded to the trial court for a new trial; provided, the defendants first tender into the registry of the court all court costs accrued to date plus such reasonable attorneys fees for plaintiffs' representation at the trial on March 11, 1975, as shall be ascertained by the trial judge upon remand. Costs of this appeal are adjudged against the petitioners.

COOPER, C. J., and FONES, HENRY, and HARBISON, JJ., concur.