IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs November 1, 2002 Session

## BARBARA GAIL COX v. JIM STAFFORD

**Appeal from the Circuit Court for Washington County**
**No. 7707     Thomas J. Seeley, Jr., Judge**

**FILED DECEMBER 23, 2002**

**No. E2002-01490-COA-R3-CV**

---

Barbara Gail Cox ("Plaintiff") purchased a camper from Jim Stafford ("Defendant") in 1997. The title to the camper never was transferred to Plaintiff's name, and, apparently, still remains in Defendant's name. Plaintiff sued Defendant in General Sessions Court and obtained a judgment against Defendant for $10,800. Defendant appealed to Circuit Court. The case proceeded to trial in June of 2001. After a jury was selected and some testimony given, Defendant moved for a continuance because a witness had not been served with a subpoena. The Trial Court granted the continuance conditioned upon Defendant's paying court costs on or before August 31, 2001. Defendant never paid these costs. In October of 2001, the Trial Court dismissed the lawsuit and reinstated the General Sessions Court verdict. Defendant filed a motion to alter or amend the judgment, or for a new trial, under Tenn. R. Civ. P. 59, which the Trial Court denied. Defendant appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Robert Payne Cave, Greeneville, Tennessee, for the Appellant, Jim Stafford.

Robert J. Jessee, Johnson City, Tennessee, for the Appellee, Barbara Gail Cox.

## OPINION

### Introduction

Plaintiff purchased a camper from Defendant in 1997. Title to the camper never was transferred to Plaintiff's name. Instead, title appears still to be in Defendant's name. In addition, Plaintiff claims to have found problems with the camper after the sale. Plaintiff sued Defendant in General Sessions Court in 1998, and obtained a judgment against Defendant for $10,800.

Defendant appealed the General Sessions judgment to Circuit Court. Initially, Defendant was represented by Attorney Roach. Attorney Roach was allowed to withdraw from his representation of Defendant in February of 2000. Defendant then retained Attorney Hodges. In January of 2001, however, Attorney Hodges was granted leave to withdraw from his representation of Defendant because he had been unable to get in touch with Defendant to discuss the case. Defendant subsequently retained current counsel.

In the meantime, Plaintiff's counsel, Attorney Thornton, moved to withdraw from representing Plaintiff after Defendant claimed he had been to Attorney Thornton's office and discussed the case with someone there prior to Plaintiff's retaining Attorney Thornton. Although neither Attorney Thornton nor his secretary remembered such a meeting with Defendant, the Trial Court granted Attorney Thornton's motion to withdraw to avoid any possibility of a violation of the code of ethics. Plaintiff then retained current counsel.

Trial began on June 26, 2001. A jury was selected and some testimony given. Defendant then moved for a continuance because of the absence of one witness who had not been served with a subpoena. The Trial Court granted the continuance conditioned upon Defendant paying all court costs on or before August 31, 2001. Defendant was present in court when the Trial Court made this ruling.

Defendant did not pay the court costs as ordered and the Trial Court entered an order on October 1, 2001, dismissing the case and reinstating the General Sessions Court verdict. Defendant then filed a motion to alter or amend the judgment, or for a new trial, under Tenn. R. Civ. P. 59. The Trial Court denied Defendant's motion in its order entered May 20, 2002. This appeal ensued.

### Discussion

Although not stated exactly as such, Defendant raises two issues on appeal: 1) whether the Trial Court abused its discretion when it dismissed the case due to Defendant's failure to pay court costs by the specific date as ordered, and reinstated the General Sessions Court verdict; and 2) whether the Trial Court abused its discretion when it denied Defendant's Tenn. R. Civ. P. 59

motion to alter or amend the judgment, or in the alternative for a new trial. We will address each issue in turn.

Courts have the discretion when granting continuances to impose terms, including ordering the moving party to pay costs, in order to "further the progress of the cause and the ends of justice." Tenn. Code Ann. § 20-7-103 (2002). "Trial courts must dispose of pending cases and avoid congestion of their dockets in order to be efficient. Accordingly, trial courts may manage their dockets to move cases along with reasonable dispatch and may, when necessary, dismiss a complaint involuntarily when the plaintiff has failed to prosecute the case." *Woods v. World Truck Transfer, Inc.*, No. M1997-00068-COA-R3-CV, 1999 Tenn. App. LEXIS 804, at *25 (Tenn. Ct. App. Dec. 3, 1999), *no appl. perm. appeal filed*.

We hold the Trial Court did not abuse its discretion when it granted a continuance conditioned upon Defendant's payment of costs by a certain date. In addition, we find the situation at hand, i.e., Defendant's failure to comply with a court order so that the case could proceed, similar to a plaintiff's failure to prosecute. We hold the Trial Court properly exercised its right to manage its own docket by dismissing the case and reinstating the General Sessions Court judgment.

We next turn to whether or not the Trial Court abused its discretion when it denied Defendant's Tenn. R. Civ. P. 59 motion. Defendant sought relief from the Trial Court's dismissal of the case by moving, under Tenn. R. Civ. P. 59, for the judgment to be altered or amended or, in the alternative, for a new trial. Defendant's brief, however, cites no cases dealing with Rule 59 motions. Rather, Defendant's brief cites cases dealing with Tenn. R. Civ. P. 60 motions. We review denials of both Rule 59 and Rule 60 motions under an abuse of discretion standard, and will address both the denial of Defendant's Rule 59 motion and the "mistake and neglect" argument, which is actually a Rule 60 argument, as contained in Defendant's short brief. *Smith v. Haley*, No. E2000-001203-COA-R3-CV, 2001 Tenn. App. LEXIS 136, at *14 (Tenn. Ct. App. March 2, 2001), *no appl. perm. appeal filed*.

Rule 59.04, Tenn. R. Civ. P. allows a party to ask the trial court to alter or amend a judgment within 30 days of the entry of the judgment, prior to the judgment becoming final. Similarly, Rule 59.02, Tenn. R. Civ. P. allows a motion for a new trial if made within 30 days of the entry of judgment. After a judgment becomes final, a party may not seek relief under Rule 59, but may seek relief under Rule 60.02. Tenn. R. Civ. P. 60.02 provides that a "court may relieve a party or the party's legal representative from a final judgment, order or proceeding" for any of several specific enumerated reasons, including "mistake, inadvertence, surprise or excusable neglect." Tenn. R. Civ. P. 60.02.

When dealing with an appeal of a denial of relief under Rule 59, Tenn. R. Civ. P., "[o]ur scope of review is to determine if the Trial Court abused its discretion in denying the motion." *Smith*, 2001 Tenn. App. LEXIS 136, at *14 (dealing with both a motion under Tenn. R. Civ. P. 59.04 and one under Tenn. R. Civ. P. 60.02); *see also Esstman v. Boyd*, 605 S.W.2d 237, 240 (Tenn. Ct. App. 1979) (stating: "The granting or refusal of a new trial rests largely in the discretion of the Trial

Judge....[T]he burden is on the movant to show the abuse of discretion." (citations omitted)). We should not reverse for 'abuse of discretion' a discretionary judgment of a Trial Court unless it affirmatively appears that the Trial Court's decision was against logic or reasoning, and caused an injustice or injury to the party complaining. *Marcus v. Marcus,* 993 S.W.2d 596, 601 (Tenn. 1999).

In *Campbell v. Archer*, our Supreme Court dealt with a motion for a new trial under Rule 59 of the Tennessee Rules of Civil Procedure and held petitioners were entitled to a new trial because they were not, personally, at fault for their failure to appear at trial. *Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977). The *Campbell* case involved a situation wherein the "defendants, Mr. and Mrs. Campbell, had no actual notice or knowledge that the case was to be tried on March 11, 1975, until mid-morning on that date when the trial had already begun." *Id.* At 111.

The Campbells had originally hired Attorney Taylor to represent them. *Id.* Attorney Taylor filed answers[1] on their behalf and the case was set for trial. *Id.* The trial was continued several times before being set for March 11, 1975. *Id.* Attorney Taylor did not deny that a notice of the March 11th setting was received by his office, but he did deny being aware of the trial date until after the trial had started on March 11th. *Id.*

Four days prior to the March 11th trial date, the Campbells and Attorney Taylor decided that Attorney Taylor would no longer represent the defendants and would formally withdraw as counsel. *Id.* The Campbells employed new counsel, Attorney Jones, to represent them and Attorney Jones obtained the files from Attorney Taylor. *Id.* Attorney Jones, however, was not advised of the March 11th trial date. *Id.*

The Campbells and Attorney Jones failed to appear at the appointed hour on March 11th. *Id.* The trial court judge requested that Attorney Taylor be contacted by telephone and Attorney Taylor advised the court that he had withdrawn as counsel and would not appear. *Id.* The trial judge decided to proceed with the trial. *Id.* At some point during the trial, the court clerk brought a draft order allowing Attorney Taylor to withdraw to the attention of the trial judge, but the trial judge refused to sign the order. *Id.* In the meantime, Attorney Taylor telephoned Attorney Jones and told him the trial had started. *Id.*

Attorney Jones contacted the Campbells and proceeded to the courtroom accompanied by Mr. Campbell. *Id.* at 111-112. Trial had started and witnesses were being examined. *Id.* at 112. Attorney Jones requested permission to approach the bench and was denied. *Id.* Although Attorney Jones and Mr. Campbell explained the situation to the trial judge after the jury retired, the jury returned verdicts in favor of the plaintiffs and judgments were entered upon the verdicts. *Id.* The Campbells then filed motions for a new trial claiming "that their failure to appear was, at most, excusable neglect." *Id.* The trial judge denied the motions for new trial and the Court of Appeals

---

[1] This case involved two consolidated actions for alleged damages to plaintiffs' property caused by wrongful diversion of surface waters by the defendants. *Campbell*, 555 S.W.2d at 111.

affirmed. *Id.* Our Supreme Court granted certiorari and determined the Campbells were entitled to relief under Rule 59 of the Tennessee Rules of Civil Procedure. *Id.*

The *Campbell* Court stated: "It has been recognized that a party may be relieved from a judgment or order because of the mistake, inadvertence, surprise or excusable neglect of his attorney." *Id.* The Court held the Campbells were not personally at fault. *Id.* Rather, the Court found the fault rested with "[A]ttorney Taylor or his office staff in not taking note of the notice of the trial date which was forwarded to him by the clerk." *Id.* at 113. The Court found "[t]he facts [made] out a case of mistake, inadvertence, or excusable neglect, rather than one of willful failure to appear." *Id.*

The case at hand is easily distinguishable from *Campbell.* Defendant cannot claim he lacked actual notice or knowledge the Trial Court had ordered him to pay costs by August 31, 2001, as a condition to granting him a continuance. The Trial Court specifically noted in its Order entered May, 20, 2002, denying the Rule 59 motion, that Defendant was present when the Court made the ruling conditioning the continuance upon the payment of costs on or before August, 31, 2001.

Defendant claims in his motion to alter or amend, or for a new trial, that he failed to pay the costs by August 31st because the Trial Court never sent him a bill, and he was out of town and in "other venues immediately after the said Court date." Although Defendant appears to argue he should be granted a new trial because his failure to pay the costs constitutes mistake or neglect, this excuse does not rise to the level of mistake, inadvertence, surprise or excusable neglect under Rule 60. Rather, this Court finds Defendant's excuse to constitute willful failure to comply with the Trial Court's order to pay the costs as ordered. Defendant may not willfully fail to comply with a court order and then expect to be granted his "day in court."

Our Supreme Court has stated:

> It has been declared that the mere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect. Mere forgetfulness of a party to an action is not a sufficient ground for vacating or setting aside a judgment by default. Parties are not justified in neglecting their cases merely because of the stress or importance of their own private business and such neglect is ordinarily not excusable.

*Food Lion, Inc. v. Washington County Beer Board*, 700 S.W.2d 893, 896 (Tenn. 1985) (quoting 46 Am. Jur. 2d 874-75 *Judgments* § 718 (1969)) (dealing with a motion under Tenn. R. Civ. P. 60.02 for relief from a final judgment due to "mistake, inadvertence, surprise or excusable neglect").

Whether Defendant's motion is treated as a Rule 59 or as a Rule 60 motion, our opinion and the result are the same. We do not find that the Trial Court's decision was against logic or reasoning or that it caused an injustice or injury to the party complaining. The record on appeal

shows Defendant was fully aware he was responsible for paying costs, as ordered by the Trial Court, by August 31, 2001. Defendant neglected to pay those costs in a timely manner as ordered and has produced no excuse for his failure that rises above the level of mere negligence or inattention. We affirm the Trial Court's denial of Defendant's motion to alter or amend, or in the alternative, for a new trial.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Jim Stafford, and his surety.

_____
D. MICHAEL SWINEY, JUDGE