IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
AUGUST 20, 2008 Session

## REGINA F. ANDERSON v. ALFRED ANDERSON

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004755-04     James F. Russell, Judge**

_____

**No. W2007-01220-COA-R3-CV - Filed December 17, 2008**
_____

**DISSENT**
_____

HOLLY M. KIRBY, J., dissenting:

I respectfully dissent from the majority opinion in this case.

From the record, it appears that the hearing on the plaintiff's sworn complaint occurred on April 25, 2007. The defendant Alfred Anderson did not appear.

The next day, on April 26, 2007, the defendant filed his "Motion to Set Aside Default Judgment." Citing Rule 60.01 of the Tennessee Rules of Civil Procedure, he states that he failed to appear the hearing the previous day because the court clerk did not mail notice of the hearing to him.

The next week, on May 3, 2007, the trial court entered its written order memorializing the oral ruling made at the April 25, 2007 hearing. The written order notes that attorney Venita Martin appeared at the hearing but stated that she was not representing the defendant. Judgment was granted in favor of the plaintiff.

A week later, on May 11, 2007, the trial court denied Alfred Anderson's "Motion to Set Aside Default Judgment."

I would "give effect to the substance, rather than the form or terminology, of [this] pro se litigant's papers." *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003). Although the motion is denominated as a "Motion to Set Aside Default Judgment" and it refers to Rule 60.01 instead of 60.02, it states clearly that the defendant did not appear at the hearing because the clerk's office did not send him a notice of it. I would find that the substance of it indicates "mistake, inadvertence, or excusable neglect, rather than . . . willful failure to appear." *Campbell v. Archer*, 555 S.W.2d 110, 113 (Tenn. 1977).

I am puzzled by the majority's referral to the defendant's motion as not being filed within a reasonable time. From the record, it appears that his motion was filed the day after the April 25, 2007 hearing, and a week before the May 3, 2007 written order memorializing the trial court's oral ruling.

At any rate, I would consider the substance of the defendant's motion. Considering the fact that denial of the defendant's motion leaves him without his day in court, I would reverse the trial court's denial of his motion to set aside the judgment.

_____
HOLLY M. KIRBY, JUDGE