IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 3, 2017

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
## v. JAMES T. JONES, ET AL.

**Direct Appeal from the Circuit Court for Hickman County**
**No. 14-CV-34     Deanna B. Johnson, Judge**

_____

**No. M2016-02423-COA-R3-CV**

_____

The trial court dismissed plaintiff's claim for failure to prosecute and for failing to respond to affirmative defenses. The trial court also denied plaintiff's motion to alter or amend the judgment. Because disposition of litigation on the merits is favored over procedural dismissals, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and THOMAS R. FRIERSON, II, JJ., joined.

Jennie V. Smith-Howard, Cleveland, Ohio, for the appellant, State Farm Mutual Automobile Insurance Company.

No briefs were filed on behalf of James T. Jones and Ronald J. Jones.

## OPINION

### I. BACKGROUND

Appellant State Farm Mutual Automobile Insurance Co., as subrogee of a party injured in an automobile accident, filed suit on May 22, 2014, against James Jones and his father, Ronald Jones ("Defendants"). Over a year later, on August 31, 2015, because Defendants did not file an Answer, State Farm filed a Motion for Default Judgment and set its motion to be heard on September 10, 2015. One day before the hearing on the Motion for Default Judgment, Defendants filed their Answer, and State Farm struck the motion for default.

After striking the motion for default, the law firm handling State Farm's files separated into two entities. Litigation regarding the law firm separation caused a major delay in the handling of this case, and no discovery or motions were served or filed for approximately one year. State Farm's attorney started drafting discovery requests in August 2016 and served them on September 19 and 20, 2016. Before the discovery requests were sent, however, Defendants filed a Motion to Dismiss for failure to prosecute on September 15, 2016.[1] State Farm received the Defendants' motion on September 20, 2016, and filed a Notice of Service of their discovery requests thereafter. On September 22, 2016, State Farm filed a response to Defendants' Motion to Dismiss asserting the facts set forth above.

The trial court heard Defendants' Motion to Dismiss on September 28, 2016. On October 19, 2016, the trial court signed an order granting Defendants' Motion to Dismiss.[2] It found that State Farm "took no action in their lawsuit for the three hundred and seventy (370) days that elapsed between the filing of Defendants['] Answer and the filing of Defendants['] Motion to Dismiss" and "Plaintiff, having made no response or argument in opposition to Defendants['] affirmative defenses, has thereby admitted them." Based on those findings, the trial court dismissed the case with prejudice and awarded Defendants attorney's fees totaling $2,740.

On October 17, 2016, State Farm filed a "Motion to Set Aside Dismissal, or in the Alternative, Motion to Alter or Amend Judgment Pursuant to Tennessee Rule of Civil Procedure Rules 60.02 and 59 and Motion to Strike Award of Attorney's Fees," including an affidavit from the attorney handling the case testifying to the work she did and an exhibit entitled "Rathbone Group History Report," which detailed when work had been done on the case. The trial court denied State Farm's motion, and it timely appealed.

## II. ISSUES

State Farm raises the following issues, as restated, on appeal:

1.    Whether the trial court erred in granting Defendants' Motion to Dismiss.

2.    Whether the trial court erred in denying its Motion to Vacate, or in the Alternative, Amend Judgment.

---

[1]Defendants' Motion to Dismiss alleged that "[s]ince September 9, 2015, Defendants, nor Defendants' counsel, has received any further pleadings or communication from Plaintiff, State Farm []." Defendants' Motion to Dismiss was not accompanied by any affidavits or exhibits.
[2]The Order Granting Defendants' Motion to Dismiss was filed on October 24, 2016.

3.	Whether the trial court erred in awarding Defendants attorney's fees.[3]

### III.  STANDARD OF REVIEW

On appeal, we review a trial court's decision to dismiss an action for failure to prosecute under an abuse of discretion standard. *White v. Coll. Motors, Inc.*, 370 S.W.2d 476, 477 (Tenn. 1963); *Osagie v. Peakload Temp. Servs.*, 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002). We also review a trial court's decision to deny a Motion to Vacate Judgment or award attorney's fees under this standard. *See Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn. 1993); *see also Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). As our supreme court noted in *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515 (Tenn. 2010):

> Discretionary decisions must take the applicable law and the relevant facts into account. *Konvalinka v. Chattanooga–Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn.2009); *Konvalinka v. Chattanooga–Hamilton County Hosp. Auth.*, 249 S.W.3d at 358; *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d [22, 42 (Tenn. 2005)].
>
> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. *Flautt & Mann v. Council of Memphis*, 285 S.W.3d 856, 872-73 (Tenn. Ct. App. 2008) (quoting *BIF, a Div. of Gen. Signal Controls, Inc. v. Service Constr. Co.*,

---

[3]State Farm also presented for review the following issue: (1) whether the trial court erred by finding that affirmative defenses are admitted if not responded to. However, to promote judicial efficiency, we will address this issue, as needed, in our discussion of State Farm's other issues on appeal.

No. 87-136-II, 1988 WL 72409, at *3 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 application filed)). When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness. *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); *Boyd v. Comdata Network, Inc.*, 88 S.W.3d [203, 212 (Tenn. Ct. App. 2002)].

*Lee Medical*, 312 S.W.3d at 524-525.

## IV. ANALYSIS

### *Motion to Dismiss for Failure to Prosecute*

"Trial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts." *Hodges v. Tenn. Attorney Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). This includes the ability to dismiss cases where the plaintiff has failed to prosecute his or her claims. *Id.*; Tenn. R. Civ. P. 41.02(2). However, a trial court's power to dismiss a case for failure to prosecute is considered an extreme sanction and undermines the judiciary's goal of deciding litigation on the merits of a case. *Langlois v. Energy Automation Sys., Inc.*, 332 S.W.3d 353, 357 (Tenn. Ct. App. 2009). Therefore, such dismissals "should be exercised sparingly and with great care." *Hodges*, 43 S.W.3d at 921 (citing *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978)).

In its Order granting Defendants' motion to dismiss, the trial court listed two findings to support its decision to dismiss State Farm's case with prejudice:

1.    That Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), has failed to prosecute their lawsuit against Defendants. Specifically, State Farm took no action in their lawsuit for the three hundred and seventy (370) days that elapsed between the filing of Defendants['] Answer and the filing of Defendants['] Motion to Dismiss; only filing their latest Pleadings *after* the filing of Defendants['] Motion to Dismiss.

2.    That Plaintiff, having made no response or argument in opposition to Defendants['] affirmative defenses, has thereby admitted them.

4

We examine each finding to determine if the trial court abused its discretion in granting Defendants' Motion to Dismiss.

According to the record, State Farm did not prosecute the case from the filing of the Answer on September 9, 2015, until Defendants' filing of the Motion to Dismiss on September 15, 2016, a period of approximately 370 days. We have upheld dismissals in other instances when a party failed to prosecute for similar lengths of time, and although it is rare, we have upheld dismissals when a party failed to prosecute for shorter periods of time. *See Geico Gen. Ins. Co. v. G & S Transp., Inc.*, No. M2016-00430-COA-R3-CV, 2016 WL 6087660 (Tenn. Ct. App. Oct. 17, 2016) (*no perm. app. filed*) (affirming a trial court's dismissal for failure to prosecute when seventeen months had passed without any action on Geico's claims and Geico did not file a response to the motion to dismiss for failure to prosecute); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 905 (Tenn. Ct. App. 2003) (upholding a circuit court's dismissal for failure to prosecute where plaintiff made no effort to properly serve the defendant for seven months).

However, in this case, State Farm filed a response to Defendants' motion to dismiss noting that it sent discovery requests to Defendants prior to receiving the motion to dismiss. "Dismissals based on procedural grounds like failure to prosecute and default judgments run counter to the judicial system's general objective of disposing of cases on the merits." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003). Nothing in the record suggests that Defendants disagreed that State Farm sent discovery prior to receiving the motion to dismiss. As such, the factual basis for the trial court's decision is not supported by sufficient evidence and must be reversed. *See Lee Med.*, 312 S.W.3d at 524.

With regard to its second finding, the trial court applied an incorrect legal standard when granting Defendants' dismissal. The trial court found State Farm failed to prosecute its case by not responding to a series of affirmative defenses raised in Defendants' Answer. Tennessee Rule of Civil Procedure 8.04 states: "Averments in a pleading to which no responsive pleading is required shall be taken as denied or avoided. Averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading."

In their Answer to State Farm's original complaint, Defendants state:

> HAVING FULLY ANSWERED the averments of the Plaintiff, Defendant(s) hereby proffer the following Affirmative Defenses to the Plaintiff's Complaint:
>
> A.     The Complainant fails to state a claim upon which relief can be granted.

5

B.	Plaintiff, as subrogee, assumed the risk of the alleged harm sustained.

C.	The alleged harm to the Plaintiff, as subrogee, was caused by the comparative fault of Jane and Doyle Sullivan; who reside on Lick Creek Road, in Primm Springs, TN.

D.	The alleged harm to the Plaintiff, as subrogee was cause by the comparative fault of Adam Stewar[t], son of Shri Darlene Stewart.

E.	There is no causation between the alleged tort and the claimed medical expenses.

F.	The Complaint was filed in a Court, which lacks both venue and jurisdiction over the above styled cause of action.

This Court has held that an affirmative defense, labeled as such in an answer, does not require a plaintiff to respond in any way to the allegations made. *See Cupp v. Heath*, No. E2010-02364-COA-R3-CV, 2011 WL 3557059 (Tenn. Ct. App. Aug. 11, 2011) (holding that an affirmative defense described in a section called "Affirmative Defenses" in a document titled "ANSWER" did not require the plaintiff to respond). Because Defendants described their claims as "Affirmative Defenses" in their Answer, State Farm was not required to file a responsive pleading. Therefore, dismissal on this ground was also inappropriate.

### *Motion to Vacate or, in the Alternative, Amend Judgment*

State Farm filed a "Motion to Set Aside Dismissal, or in the alternative, Motion to Alter or Amend Judgment Pursuant to Tennessee Rule of Civil Procedure Rules 60.02 and 59 and Motion to Strike Award of Attorney's Fees" on October 17, 2016. State Farm's motion was filed two days before the trial court signed an order of dismissal. We are left to presume that the trial court, at the hearing on September 28, 2016, verbally announced its ruling. Since State Farm filed its motion before the trial court actually entered its order, State Farm's motion is properly considered under Tennessee Rule of Civil Procedure 59.04, rather than Rule 60.02. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012) (characterizing a Rule 60.02 motion as one where a party "seek[s] relief … more than thirty days after entry of a final judgment"); *Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977)("The function of [Rule 60] is to give relief from final

judgments; Rule 59 … is the appropriate remedy for asserting alleged errors affecting a judgment which has not yet become final.").

As noted above, in order to properly review a trial court's discretionary decision, we must be able to ascertain the factual basis of the decision. In the present case, the trial court dismissed State Farm's motion to alter or amend without providing any explanation. State Farm's motion to alter or amend provided detail regarding the reason for the delay in prosecuting its case. The motion was accompanied by an affidavit explaining the law firm litigation that contributed to the delay, as well as a law firm "history report" detailing the work conducted on the file. On appeal, State Farm argues the trial court erred in its decision because its actions were not willful, its claim was meritorious, and Defendants would not be prejudiced if the trial court overturned its dismissal. Furthermore, they argue that reasonable doubt existed as to the justness of dismissing their claim. The Defendants did not file a response to State Farm's motion to alter or amend.

However, in this case, the trial court's order denying State Farm's motion to alter or amend merely states: "[t]he Court now having carefully considered Plaintiff's Motion, respectfully DENIES said Motion…." We are unable to ascertain whether the trial court analyzed the factual assertions made by State Farm. Without any factual findings from the trial court, we are unable to determine the steps the court took to reach it ultimate conclusion to deny the motion to alter or amend. *See Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013). Therefore, we must reverse the trial court's denial of State Farm's motion to alter or amend.

Given our disposition of the issues raised in this appeal, the remaining issues raised by State Farm are pretermitted.

## V. CONCLUSION

In conclusion, we reverse the trial court's dismissal for failure to prosecute and the trial court's award of attorney fees. We also reverse the trial court's denial of State Farm's motion to alter or amend. This case is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to appellees, James T. Jones and Ronald J. Jones, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

7