IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 20, 2024 Session

## JOHN JASON MOORE v. AMANDA JEAN HEILBRUNN

**Appeal from the Juvenile Court for Lincoln County**
**No. 22-JV-89          N. Andy Myrick, Judge**

_____

### No. M2023-00327-COA-R3-JV

_____

Appellant/Mother appeals the trial court's entry of a parenting plan naming Appellee/Father primary residential parent, awarding him sole decision-making authority, and awarding Mother 80 days of visitation. Because the trial court did not engage in a best-interest analysis as required under Tennessee Code Annotated section 36-6-106, and because the trial court's orders are too vague to allow this Court to conduct a meaningful review of its decisions, we vacate the trial court's judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, J., joined. J. STEVEN STAFFORD, P.J., W.S., filed a separate concurring opinion.

Casey A. Long, Lawrenceburg, Tennessee, for the appellant, Amanda Heilbrunn.

Timothy Underwood and Susan Elizabeth McCown, Pulaski, Tennessee, for the appellee, John Jason Moore.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by **memorandum opinion** it shall be designated "**MEMORANDUM OPINION**", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. Background

Appellant Amanda Heilbrunn ("Mother") and Appellee John Jason Moore ("Father"), who were never married, are the parents of the minor child at issue in this case. On December 20, 2022, the parties were scheduled for a hearing on Mother's petition for an order of protection against Father. Because the petition alleged drug use, the trial court ordered drug screens of both parties before proceeding with the hearing. Mother "failed two urine drug tests for PCP, oxycodone and K2." As a result of the failed drug tests, Father and Mother agreed that Father would be awarded sole custody of the child. According to Appellant's brief, an "Agreed Order" was entered on January 5, 2023. This order is not included in the appellate record.

Giving rise to this appeal, on January 3, 2023, Mother filed a "Motion to Reconsider Custody Award or in the Alternative for Return of Custody" in the trial court.[2] In her motion, Mother asserted that, following the December 20, 2022 proceedings and her failed drug screens, she "immediately" underwent drug screens at a physician's office and tested negative for all substances. She further asserted that, on December 21, 2022, she underwent a 13-panel hair test that also was negative for all substances. The negative drug screens were attached to Mother's motion along with a physician's statement that "Effexor can cause a false positive [for] PCP." Mother claimed that the drug tests ordered by the court on December 20 were "false positives"; based on the negative screens she tendered, Mother asked the trial court to return the child to her custody. In the alternative, Mother asserted that there had been a material change in circumstance such that it was in the child's best interest to return custody to Mother. Specifically, Mother's motion states:

> 8. [Mother] states that she lost custody of [the child] due to the two drug tests that showed false positives.
> 9. [Mother] requests the Court to reconsider the award of custody of [the child] to John Jason Moore and award custody of the child back with the [Mother].
> 10. In the alternative, [Mother] would show that there has been a substantial change in circumstance and that it would be in the child's best interest for custody to be returned to the [Mother].

As discussed further below, Mother's motion does not reference any of the rules of civil procedure governing a trial court's reconsideration, amendment, or modification of its previous orders (*i.e.,* Tennessee Rules of Civil Procedure 59 and 60), nor does Mother's motion specify the "substantial change in circumstance" that would warrant a change in

---

[2] Mother filed her motion in the General Sessions Court for Lincoln County. The motion was heard by the juvenile court, which ordered Mother to refile her motion in the Juvenile Court for Lincoln County by order entered on January 26, 2023. Accordingly, the Juvenile Court for Lincoln County is the "trial court" in this case.

custody. These omissions led to some confusion as to how the trial court would treat Mother's motion, *i.e.*, as a motion for relief from an order, or as a motion to change custody.

Mother's motion was first heard on January 17, 2023. In an interim order entered on January 26, 2023, the trial court awarded Mother supervised visits on Saturday and Sunday afternoons and granted her additional visitation "that the parties agreed to[.]" The motion was set for final hearing on February 14, 2023.

Following the February 14, 2023 hearing, on February 23, 2023, the trial court entered an order styled "Final Order on Motion to Reconsider Custody Award or in the Alternative for Return of Custody." The order provides, in its entirety:

> This matter came to be heard on the 14th day of February, 2023, before the Honorable N. Andy Myrick, holding the Juvenile Court of Lincoln County at Fayetteville. After testimony of the witnesses and statements of counsel this Court finds and orders as follows:
>
> 1. [Mother] failed to meet her burden of material change of circumstance for a return of custody.
> 2. The Court orders that the Mother have specific visitation as set forth in the attached permanent parenting plan which is incorporated by reference.
> 3. The Court finds the attached permanent parenting plan to be in the best interest of the minor child.
> 4. That Joseph C. Johnson, counsel for the Mother, and Susan E. McCown, counsel for the Father, are relieved from representation ten (10) days from the entry of this Order. Entered this the 23rd day of February, 2023.

In the incorporated parenting plan, the trial court: (1) awarded Mother 80 parenting days per year on alternate weekends and holidays and two non-consecutive weeks for summer vacation; (2) set Mother's child support obligation at $699 per month; and (3) awarded Father major decision-making authority. Mother appeals.

## II. Issues

Mother raises the following issues for review, as stated in her brief:

> I. Whether the trial court erred in not considering and ruling upon Appellant's Motion to Reconsider Custody Award or in the Alternative for Return of Custody as a Rule 60 Motion under the Tennessee Rules of Civil Procedure.
>
> II. Whether the trial court erred in ordering the entry of a parenting plan without considering the factors set forth in T.C.A. § 36-6-106.

Father asks this Court to award him a judgment for appellate attorney's fees.

## III. Standard of Review

This case was tried without a jury. Accordingly, under Rule 13(d) of the Tennessee Rules of Appellate Procedure, we review of the trial court's findings of fact *de novo* on the record with a presumption of correctness unless the evidence preponderates otherwise. ***Allstate Ins. Co. v. Tarrant***, 363 S.W.3d 508, 512 (Tenn. 2012). The evidence preponderates against a trial court's factual finding when it supports another finding "with greater convincing effect." ***Hardeman Cnty. v. McIntyre***, 420 S.W.3d 742, 749 (Tenn. Ct. App. 2013) (citation omitted). Therefore, the trial court's findings of fact must contain sufficient underlying facts to clearly disclose the basis of the trial court's determinations. ***Lovelace v. Coley***, 418 S.W.3d 1, 34 (Tenn. 2013) (citations omitted). We review a trial court's conclusions of law *de novo* with no presumption of correctness. ***Rogers v. Louisville Land Co.***, 367 S.W.3d 196, 204 (Tenn. 2012).

## IV. Analysis

## A. Rule 60 Motion

As noted above, Mother's "Motion to Reconsider Custody Award or in the Alternative for Return of Custody" omits any reference to the rules of civil procedure governing relief from judgments. Now, on appeal, Mother asserts that the trial court erred in failing to treat her motion as one for relief under Tennessee Rule of Civil Procedure 60.02, which provides that

> [o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative **from a final judgment, order** or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . or (5) any other reason justifying relief from the operation of the judgment.

(Emphasis added).

At the outset of the February 14, 2023 hearing, there was some confusion concerning whether the motion should proceed under Rule 60, to-wit:

> THE COURT: So we're either here on a Rule 60 motion for relief or as a change of custody or, I guess, both. So which—Mr. Johnson [Mother's attorney], is it one or the other or both?
> MR. JOHNSON: I'd say both, Judge.
> THE COURT: Do you agree with that?
> MS. McCOWN[ Father's attorney]: Well, it can't be both. He's pled it in the

alternative . . . I think if you look at it the way they styled it, they styled it as a reconsideration. So if it's a reconsideration, I think that has to be a Rule 60. If it's a Rule 60, then I think there are very different requirements that have to be met. It's not asking for, in my opinion, a return of custody. There's no material change listed. So I believe it's a Rule 60, but I certainly don't believe it's both.

THE COURT: Well, if it's Rule 60 the order would have to be based upon mistake, inadvertence, surprise, excusable neglect, that's No. 1. No. 2, fraud. No. 3, the judgment is void. No. 4, the judgment has been satisfied. No. 5, or any other reasons justifying relief from the operation of the judgment. So I guess we do need to pick which one you want to go under.

MR. JOHNSON: Judge, can I talk to my client for just a second?

THE COURT: Sure. Sure . . . .

(A recess was taken.)

THE COURT: All right, folks, after looking at the rules more, 1 don't know if we have to select which. I mean you can do alternative pleadings, so I think we can proceed either on the Rule 60 or on both of them at once. I mean if you look at Rule 8.05, "A party may set forth two or more statements of a claim," which is what we have here. So I don't see why we couldn't go further—or proceed on both theories.

MS. McCOWN: Well—except the only thing I would—I don't think the rule comprehends a motion to reconsider.

THE COURT: No, it would have to be a Rule 60 motion—

MS. McCOWN: Correct.

THE COURT: —and/or a change of custody.

MS. McCOWN: Correct.

Despite the foregoing dialogue, Tennessee Rule of Civil Procedure 60.02 was not available given the timing of Mother's motion. The order from which Mother seeks relief is the "Agreed Order" contemplated by the parties at the December 20, 2022 hearing. This order is not in our record; however, according to Mother's brief, the trial court did not enter the "Agreed Order" until January 5, 2023. Mother filed her motion on January 3, 2023. As set out above, Rule 60.02 contemplates relief "**from a final judgment, order** . . .," and the "Agreed Order" was not final at the time Mother filed her motion. As this Court has explained:

> [F]or thirty days after entry of a final judgment, motions for relief should be premised upon Rule 59. In the event that a party waits to seek relief for more than thirty days after entry of a final judgment, the trial court cannot grant relief under Rule 59. *See* Tenn. R. Civ. P. 59.02. After this time, relief must be sought pursuant to Tennessee Rule of Civil Procedure 60.02. *See, e.g.,* ***Campbell v. Archer***, 555 S.W.2d 110, 112 (Tenn.1977) ("The function of [Rule 60.02] is to give relief *from* final judgments; Rule 59, providing for

- 5 -

motion for new trial, is the appropriate remedy for asserting alleged errors affecting a judgment which has not yet *become final*." (Emphasis added)).

***Byrnes v. Byrnes***, 390 S.W.3d 269, 275 (Tenn. Ct. App. 2012), *perm. app. denied* (Tenn. Dec. 11, 2012) (emphases in original). So, in answer to Mother's first issue, there is no reversible error in the trial court declining to consider Mother's motion as a Rule 60.02 motion. We do not reach the question of whether the trial court erred in not considering Mother's motion as "[a] motion to alter or amend a judgment" under Tennessee Rule of Civil Procedure 59.04 because this rule was not pleaded, nor was it argued at the February 14, 2023 hearing or before this Court.

The foregoing notwithstanding, from the trial court's final order, it did not rely on the rules of civil procedure in reaching its ultimate decision. As set out in context above, the trial court's order does not reference the rules of civil procedure and states only that Mother "failed to meet her burden of material change of circumstance for a return of custody." This burden of proof, which was the sole stated ground for the trial court's decision, applies only to petitions for changes in child custody, so we must assume that the trial court proceeded only on that theory despite the discussion had at the outset of the February 14, 2023 hearing, *supra*. This brings us to Mother's second issue, "[w]hether the trial court erred in ordering the entry of a parenting plan without considering the factors set forth in T.C.A. § 36-6-106."

### B. Parenting Plan

As set out in context above, in its February 23, 2023 order, the trial court concluded that Mother failed to carry her burden of demonstrating a material change of circumstance warranting a change in custody. However, the trial court made no factual findings to support this conclusion. We are aware that, in matters related to child custody, the appellate court's scope of review of the trial court's factual determinations is limited. ***C.W.H. v. L.A.S.***, 538 S.W.3d 488, 495 (Tenn. 2017). As we have explained:

Because "[a] trial court's determinations of whether a material change in circumstances has occurred and whether modification of a parenting plan serves a child's best interests are factual questions," this Court "must presume that a trial court's factual findings on these matters are correct and not overturn them, unless the evidence preponderates against the trial court's findings." ***C.W.H.***, 538 S.W.3d at 495 (quoting ***Armbrister v. Armbrister***, 414 S.W.3d 685, 692 (Tenn. 2013)). Similarly, appellate courts will not interfere with a trial court's custody determination or decision concerning a parenting schedule absent an abuse of discretion. *See **C.W.H.***, 538 S.W.3d at 495; ***Armbrister***, 414 S.W.3d at 693; ***Eldridge v. Eldridge***, 42 S.W.3d 82, 88 (Tenn. 2001); ***Dungey v. Dungey***, No. M2020-00277-COA-R3-CV, 2020 WL 5666906, at *2 (Tenn. Ct. App. Sept. 23, 2020). . . . "'An abuse of

discretion occurs when the trial court . . . appl[ies] an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice.'" *C.W.H.*, 538 S.W.3d at 495 (quoting *Armbrister*, 414 S.W.3d at 693). In short, this Court may reverse a trial court's decision concerning custody, a parenting plan, or sole decision-making authority "only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence." *Dungey*, 2020 WL 5666906, at *2 (quoting *C.W.H.*, 538 S.W.3d at 495).

*State ex rel. Gutierrez v. Baggett*, No. M2022-01658-COA-R3-CV, 2023 WL 6308769, at *3 (Tenn. Ct. App. Sept. 28, 2023).

However, because we are a reviewing Court, the foregoing must be read in the context of the Tennessee Rules of Civil Procedure, which require a trial court to "find the facts specially and . . . state separately its conclusions of law" in a case tried without a jury. Tenn. R. Civ. P. 52.01. This Court has held that this requirement "is 'not a mere technicality.'" *Rogin v. Rogin*, No. W2012-01983-COA-R3CV, 2013 WL 3486955, at *7 (Tenn. Ct. App. July 10, 2013) (quoting *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009)). "Without sufficient findings of fact and conclusions of law, the appellate court is unable to adequately review the trial court's decision." *Id.* (quoting *In re K.H.*, 2009 WL 1362314, at *8). Notwithstanding the deferential abuse of discretion standard of review, "in order to determine whether a trial court abused its discretion, the appellate court must 'look to th[e] evidence *and* the trial court's findings of fact and conclusions of law to determine whether the trial court's ruling was an abuse of discretion.'" *Id.* (quoting *Spicer v. State*, 12 S.W.3d 438, 445 (Tenn. 2000)) (emphasis in original).

More confusing is the fact that, having determined that Mother failed to meet her burden of proof to show a material change in circumstances, the trial court did not deny her motion; rather, the trial court proceeded to enter a permanent parenting plan.[3] Because the appellate record contains no previous orders on custody, we are unsure whether the trial court's entry of a parenting plan was a new plan or a modification of an existing plan. This point should be clarified on remand. Regardless, Tennessee Code Annotated section 36-

---

[3] Tennessee courts apply a two-step analysis to requests for either a modification of the primary residential parent or the residential parenting schedule. *See, e.g.*, *In re T.R.Y.*, No. M2012-01343-COA-R3-JV, 2014 WL 586046, at *11-12 (Tenn. Ct. App. Feb. 12, 2014) (primary residential parent modification); *In re C.R.D.*, No. M2005-02376-COA-R3-JV, 2007 WL 2491821, at *6 (Tenn. Ct. App. Sept. 4, 2007) (parenting time modification). The threshold issue is whether a material change in circumstance has occurred since the court's prior order naming a primary residential parent. Tenn. Code Ann. 36-6-101(a)(2)(B). Only if a material change in circumstance has occurred do we consider whether a change in primary residential parent is in the child's best interest by examining the statutory best interest factors. *Cranston v. Combs*, 106 S.W.3d 641, 644 (Tenn. 2003).

6-106(a) states that, "In . . . any [] proceeding requiring the court to make a custody determination regarding a minor child, the determination shall be made on the basis of the best interest of the child." To that end, the statute goes on to provide a non-exclusive list of factors for the court to consider in addressing the child's best interest. Tenn. Code Ann. § 36-6-106(a)(1)-(16). Although the trial court's order states that, "The Court finds the attached permanent parenting plan to be in the best interest of the minor child," the order does not contain a best-interest analysis using the factors set out in the statute. The trial court's failure to conduct this analysis means that the trial court did not make appropriate findings of fact with respect to this issue. *See Aragon v. Aragon*, No. M2013-01962-COA-R3-CV, 2014 WL 1607350, at *9 (Tenn. Ct. App. Apr. 21, 2014). Concerning a trial court's failure to make appropriate findings of fact and conclusions of law, the *Aragon* Court stated:

> This Court has previously held that a custody determination on behalf of a child is a "fact-intensive issue" that requires detailed findings of fact and conclusions of law by the trial court. *See Pandey v. Shrivastava*, No. W2012-00059-COA-R3-CV, 2013 WL 657799, at *5 (Tenn. Ct. App. Feb. 22, 2013) (concerning parental relocation) (citing Tenn. R. Civ. P. 52.01 (requiring findings of fact and conclusions of law in bench trials)). In similar cases, this Court has vacated the judgment of the trial court where the court failed to make findings to support its rulings or where it failed to engage in a best interest analysis. *See, e.g., Iman v. Iman*, No. M2012-02388-COA-R3-CV, 2013 WL 7343928, at *13 (Tenn. Ct. App. Nov. 19, 2013) (vacating the judgment of the trial court when it failed to make appropriate findings of fact and failed to "make an explicit finding that modification was in the child's best interest"); *Pandey*, 2013 WL 657799, at *5-*6 (vacating based on the lack of findings); *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *5 (Tenn. Ct. App. Dec. 27, 2012) (vacating based on the trial court's failure to make a finding that modification of the parenting plan was in the child's best interest).

> This Court has previously held that the General Assembly's decision to require findings of fact and conclusions of law is "not a mere technicality." *In re K.H.*, [2009 WL 1362314, at *8]. Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Id.*; *White v. Moody*, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); *Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." *In re K.H.*, 2009 WL 1362314, at *8 (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004)). In this case, the trial court failed to make any findings regarding the best interest of the child. Best interests, however, is the "paramount consideration," the

"pole star, the alpha and omega," of any child custody determination. ***Bah v. Bah***, 668 S.W.2d 663, 665 (Tenn. Ct. App. 1983).

***Aragon***, 2014 WL 1607350, at \*9.  The same is true here.  In the absence of any findings in the trial court's order, we are left to wonder not only on what theory the trial court proceeded (*i.e.,* under the rules of civil procedure for relief from judgments, on a modification of an existing custody order, or on a new custody determination), but we are also left to wonder the factual bases for the legal conclusions it reached.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's order.  The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Father's request for appellate attorney's fees is denied.  Costs of the appeal are assessed one-half to the Appellee, John Jason Moore, and one-half to the Appellant, Amanda Heilbrunn.  Execution for costs may issue if necessary.


            s/ Kenny Armstrong
            KENNY ARMSTRONG, JUDGE