IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 13, 2005 Session

## EDMUND R. BRILEY, ET AL. v. GARY W. CHAPMAN, ET AL.

**A Direct Appeal from the Chancery Court for Rutherford County**
**No. 02 4176 CV      The Honorable Robert E. Corlew, III, Chancellor**

───────────

**No. M2004-01303-COA-R3-CV- Filed August 5, 2005**

───────────

This appeal involves the question of the statute of limitation for an action for libel of title. The trial court granted summary judgment to the defendants, holding that the proper statute of limitation was found at T.C.A. § 28-3-105. Without reaching a decision on the merits, an examination of the record indicates that the notice of appeal was not timely. Therefore, this Court does not have jurisdiction, and the appeal must be dismissed.

**Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Frank M. Fly of Murfreesboro, Tennessee for Appellants, Edmund R. Briley and Margaret Coleman Briley

No appearance by Appellees

**OPINION**

By deed dated May 27,1981, of record in Deed Book 302 at page 828, in the Register's Office of Rutherford County, Tennessee, Laudis Hartman Briley conveyed a 60.55 acre tract of land in Rutherford County (the "Edmund Briley Tract) to her son Edmund R. Briley and his wife Margaret Briley (together the "Brileys," "Plaintiffs," or "Appellants"). The Brileys' deed reads, in pertinent part, as follows:

> Included in this conveyance is a right-of-way 50 feet wide and leading
> from the NE corner of this tract through the remaining lands of
> grantor to the end of Briley Lane. Exact route of said right-of-way to
> be determined later.

The Brileys have owned the Edmund Briley Tract from the date of the conveyance.

By separate deed, also dated May 27, 1981, of record in Deed Book 302 at page 826 in the Register's Office of Rutherford County, Tennessee (the "Marvin Briley Deed"), Laudis Hartman Briley granted an adjoining 60.55 acre tract (the "Marvin Briley Tract") to her other son Marvin L. Briley and his wife Thelma T. Briley. The Marvin Briley Deed reads, in relevant part, as follows:

> The tract herein described is subject to a 50-foot right-of-way for ingress and egress to a 60.55 acre tract deeded to Edmund R. Briley. Included with this conveyance is a right-of-way, 50 feet wide and leading from the NE corner of this tract through the remaining lands of Mrs. Charles L. Briley to the west end of Briley Lane. Exact route of said right-of-way to be determined later.

By Warranty Deed dated July 12, 1985, of record in Deed Book 347 at page 741 in the Register's Office of Rutherford County, Tennessee (the "Brown Deed"), Marvin Briley and his wife conveyed the Marvin Briley Tract to Edmond Brown and his wife Sandra Dee Brown. The last paragraph of the description in the Brown Deed recites verbatim the language from the Marvin Briley Deed as set out above.

By Warranty Deed dated March 1, 1988, of record in Deed Book 400 at page 411 in the Register's Office of Rutherford County, Tennessee (the "Nunn Deed"), Edmund E. Brown and his wife conveyed the Marvin Briley Tract to Ronald S. Nunn and his wife Joyce E. Nunn (the "Nunns," or "Appellees"). The Nunn Deed was prepared by Ronald Nunn, who is not a licensed attorney in Tennessee. The Nunn Deed omits the right-of-way language contained in both the Marvin Briley Deed and the Brown Deed.

Although no plat was ever recorded in the Register's Office, the Nunns constructed Laura Ridge Road as a private road 50 feet in width from the west end of Briley Road to just past the center of the Marvin Briley Tract and divided the Marvin Briley Tract into seven lots ranging in size from 6 acres to 14.69 acres. The seven lots were subsequently conveyed as follows:

- Gary Chapman and his wife Mary Chapman (the "Chapmans") are the present owners of an 8.52 acre lot. This lot was deed directly from the Nunns to the Chapmans by deed dated February 6, 1991 of record in Deed Book 457 at page 152 in the Register's Office of Rutherford County (the "Chapman Deed"). The Chapman Deed omits the right-of-way language set out in the Marvin Briley Deed, *supra.*

- Arthur S. Hickman ("Hickman") is the current owner of a 6.0 acre lot. Hickman purchased this property from Jane P. Holley by deed dated March 31, 1994, of record in Deed Book 522 at page 580 in the Register's Office of Rutherford

County (the "Hickman Deed"). This tract was previously conveyed from the Nunns to Murray to Holley. None of these deed, including the Hickman Deed, contain the right-of-way language set out in the Marvin Briley Deed, *supra*.

- Darrell Bruce Wardlaw ("Wardlaw") is the current owner of a 6.01 acre lot. Wardlaw purchased his lot from Sharon Turcotte by deed dated March 9, 1992, of record in Deed Book 477 at page 687 in the Register's Office of Rutherford County (the "Wardlaw Deed"). This tract was previously conveyed by the Nunns to Ms. Turcotte. Neither the deed from the Nunns to Ms. Turcotte, nor the Wardlaw Deed, contains the right-of-way language set out in the Marvin Briley Deed, *supra*.

- Richard L. Johnson and his wife Jennifer A. Johnson (the "Richard Johnsons") are the present owners of a 9.01 acre tract. The Richard Johnsons purchased said tract from the Nunns by deed dated January 10, 1990, of record in Deed Book 437 at page 770 in the Register's Office of Rutherford County (the "Richard Johnson Deed"). The Richard Johnson Deed omits the right-of-way language set out in the Marvin Briley Deed, *supra*.

- Jeffrey L. Adcock ("Adcock") is the present owner of an 8.05 acre tract. Adcock purchased said property from Daniel Fringer and his wife Brenda Harden Fringer by deed dated November 30, 1995, of record in Deed Book 562 at page 602 int eh Register's Office of Rutherford County (the "Adcock Deed"). This tract was previously conveyed from the Nunns to Whitaker to Fringer. All of these deeds, including the Adcock Deed, omit the right-of-way language set out in the Marvin Briley Deed, *supra*.

- Timothy M. Milliken ("Milliken") is the present owner of an 8.61 acre lot. Milliken purchased said property from the Nunns by deed dated October 26, 1988, of record in Deed Book 415 at page 429 in the Register's Office of Rutherford County (the "Milliken Deed"). The Milliken Deed omits the right-of-way language set out in the Marvin Briley Deed, *supra*.

•      Roy A. Johnson and his wife Karyn V. Johnson (the "Roy Johnsons") are the current owners of a 14.69 acre tract.  The Roy Johnsons purchased said tract from the Nunns by deed dated May 17, 1990, of record in Deed Book 444 at page 297 in the Register's Office of Rutherford County ("the Roy Johnson Deed").  The Roy Johnson Deed also omits the right-of-way language  set out in the Marvin Briley Deed, *supra*.

On May 1, 1988, the Nunns executed a document entitled "Land Owners Association and Private Roadway Easement for Laura Ridge Estates," of record in Deed Book 404 at page 178 in the Register's Office of Rutherford County.  This document contains a declaration of restrictive covenants for Laura Ridge Estates Landowners' Association (the "LRE Association," and together with the Nunns, the Chapmans, Hickman, Wardlaw, the Richard Johnsons, Adcock, Milliken, and the Roy Johnsons,  "Defendants").  The primary purpose of the instrument filed by the Nunns appears to be the creation of a right-of-way easement for ingress and egress for the use and benefit of all residents of Laura Ridge Estates, and to provide a funding mechanism for the maintenance of this road by the members of the LRE Association.  Said right-of-way is presently a gravel road known as Laura Ridge Road that connects to Briley Road on the east and dead-ends at a cul-de-sac on the west.

On September 7, 1999, the Brileys executed a document entitled "Establishment of Definite Right-of-Way," of record in Deed Book 660 at page 674 in the Register's Office of Rutherford County.  The purpose of this instrument was to record a survey description and plat of where the Brileys wished to establish their easement across the lands of Defendants as provided in the Brileys' Deed as set out above.

On October 25, 1999, Mr. Nunn sent a letter to the Brileys' attorney.  This letter reads, in pertinent part, as follows:

> ...the Briley deed said a right of way "to be determined".  This was not done by any one until June of 1999.  Before I purchased this property I attempted to get Mr. Edmund Briley to determine this right of way which by survey for Laudis Hartman Briley starts at the end of Briley Lane in the Gary N. Patton property....  Mr. Edmund Briley informed me that he had a right of way out to Independant [sic] Hill Road and did not want or need a right of way out over the tract in question or across Mr. Patton.  Mr. Patton would not grant or allow a right of way without going to court and neither Mrs. Laudis Briley nor Edmund Briley would help "to determine" the right of way now claimed.  I purchased other land to gain access to the Briley tract now known as Laura Ridge and took title to the Marvin Briley tract on 7th of March, 1988 without any right of way "determined" and with

-4-

hostile intent to foreclose any rights Mr. Edmund Briley might have to a right of way across the purchased tract.

Mr. Edmund Briley gave up his right to any right of way by his failure "to determine" his right of way in a timely manner nor was there any long used right of way in use across the tract I have purchased. I claim adverse rights to any right of way he may have had the rights to in his deed. I filed a deed claiming the land without any right of way and developed it with his full knowledge without any right of way to his tract.

On or about March 6, 2002, the Brileys filed suit against the Defendants to enforce an express easement as contained in the Brileys' Deed. In the alternative, the Brileys claimed an easement by necessity. The Brileys also sought compensatory and punitive damages against the Nunns due to the Nunns' omitting the right-of-way language from the deeds the Nunns prepared, which necessitated the Brileys' suit. On or about March 27, 2002, the Nunns filed a Motion to Dismiss and Memorandum in Support thereof. On April 26, 2002, the Brileys' filed a Response to the Nunns' Motion to Dismiss. By Order of August 2, 2002, the trial court denied the Nunns' Motion to Dismiss, indefinitely stayed the Brileys' cause of action to establish an easement by necessity pending a determination by the trial court on the Brileys' claim concerning enforcement of an express easement, and granted the Brileys' motion to amend their pleadings.

On March 13, 2003, the Brileys filed "Plaintiffs' Amended Complaint against Defendants Nunn" seeking compensatory and punitive damages against the Nunns on a "slander of title" claim. Specifically, the Brileys assert that the Nunns' omission of the Brileys' right-of-way in the deeds prepared by the Nunns and filed in the Register's Office of Rutherford County, *see supra*, amounted to the Nunns claiming that the Brileys did not own any easement or right-of-way across the Marvin Briley Tract when, in fact, as evinced by the Brileys' Deed and the Marvin Briley Deed, such right exists. On March 27, 2003, the Nunns filed an Answer to the Amended Complaint in which they raised as one of their affirmative defenses that the Brileys' "claims are barred in whole by the applicable statute of limitations." On June 23, 2003, the Brileys filed "Plaintiff's Motion for Summary Judgment against Defendant Nunn," along with a statement of undisputed material fact, memorandum of law, and the Affidavit of Edmund Briley in support thereof. On July 25, 2003, the Nunns also filed a motion for summary judgment, again asserting that the Brileys' claims are barred by the applicable statute of limitations. The Nunns' motion was supported by the Affidavit of Ronald S. Nunn, a statement of material fact, and a memorandum of law. On the same date, the Nunns filed responses to the Brileys' motion for summary judgment.

On August 12, 2003, the trial court entered an "Agreed Order" wherein the Brileys' easement over the respective properties of the Chapmans, Hickman, Wardlaw, the Richard Johnsons, Adcock, Milliken and the Roy Johnsons was established. On August 21, 2003, the Brileys filed a Response to the Nunns' motion for summary judgment, in which the Brileys assert that the ten-year statute of limitations found at T.C.A. §28-3-110 is applicable to their libel of title claim against the Nunns.

A hearing on the cross-motions for summary judgment was held on August 28, 2003. On November 7, 2003, the trial court entered its interim "Order" denying the Brileys' motion for summary judgment and granting the Nunns' motion for summary judgment upon the court's finding "that the three year statute of limitations in T.C.A. §23-3-105 bars [the Brileys'] complaint against Defendants Nunn...." The trial court's Memorandum Opinion dated August 4, 2003, which is incorporated by reference into the Order, reads, in relevant part, as follows:

> ...[T]he central issue is whether the Plaintiff's libel of title claim, if proved, is barred by statutes of limitation applicable to personal or property torts, or whether a longer statute of limitation applies. After due consideration, we must respectfully find that the Plaintiff's claim is barred by statute of limitation, for the reasons stated below.

> \*                                   \*                                   \*

> In the case at bar, we find that the Brileys' libel of title claim arises from the same transaction and common set of operative facts, in which the Brileys were Plaintiffs in a related matter, heard by this Court on July 30, 2003. The cause heard on that date was essentially one concerning injury to the Brileys' property rights. Likewise, we find that the gravamen of the Brileys' current complaint essentially concerns injury by the Nunns to the Brileys' property interest because the basis for which the Brileys seek damages is injury to the value of and rights in their property. In light thereof, and in light of our reading of *Swauger v. Haury & Smith Contractors, Inc.*, we are not persuaded by the Brileys' argument that the limitation period in this case extends to the ten (10) year statute of limitation under Tennessee Code Annotated §2[8]-3-110[(3)]. Thus, we think that the three (3) year statute of limitation under Tennessee Code Annotated §2[8]-3-105 is appropriate in this case....

On May 7, 2004, the trial court entered an "Agreed Final Order." The Brileys filed a notice of appeal from this Order on May 19, 2004 and raise one issue for review as stated in their brief: Which statute of limitation should be applied to libel of title actions?

However, we do not reach consideration of the issue presented by Plaintiffs/Appellants, because the review of the record in this case reveals that the notice of appeal was not timely. As noted previously, on August 12, 2003, an Order was entered granting partial summary judgments to all of the defendants, except the Nunns; and, on November 7, 2003, the trial court entered an Order granting summary judgment to the Nunns against the Brileys. From the record before us, we have determined that this Order disposed of all of the claims against all of the parties in this case. However, on May 7, 2004, the trial court entered an "Agreed Final Order," which reflected on its face that all matters between the parties had been finally disposed of by an Order dated April 7, 2004. Unfortunately, the record does not contain such an Order and apparently the court was referring to

the Order entered November 7, 2003, disposing of the claim by the Brileys against the Nunns, and to the previous Order of August 2003 that disposed of the claims against all other Defendants.

As this Court stated in ***Arfken & Associates v. Simpson Bridge Co.***, 85 S.W.2d 3d 789 (Tenn. Ct. App. 2002):

> A notice of appeal must "be filed with and received by the clerk of the trial court within thirty days after the date of *entry* of the judgment appealed from." Tenn. R. App. P. 3(a) (emphasis added). "*Entry* of a judgment or an order of final disposition is effective when [the] judgment...is marked on the face by the clerk as filed for entry." Tenn. R. Civ. P. 58 (emphasis added).
>
> An appellate court is not authorized to extend the time for filing a notice of appeal. Tenn. R. App. P. 2. By the same token, an appellate court cannot "enlarge the time for filing a notice of appeal prescribed in [Tenn. R. App. P.] 4." Tenn. R. App. P. 21(b).
>
> In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal. ***McGaugh v. Galbreath***, 996 S.W.2d 186, 189 (Tenn. Ct. App. 1998); ***American Steinwinter Investor Group v. American Steinwinter, Inc.***, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997). If the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal. ***Id***.

***Id.*** at 791.

In the instant case, the entry of the Order granting the Nunns summary judgment against the Brileys disposed of the only remaining claims in the case and, therefore, constituted the final order. The "Agreed Final Order," which purports to be the final order in the case was entered by the trial court after the expiration of the trial court's jurisdiction. The adjudication by the court of the final claim existing in the case - that of the Brileys against the Nunns for libel of title - constituted the final judgment, and the notice of appeal filed more than 30 days after the entry of that judgment is a nullity.

Accordingly, the appeal is dismissed, and the costs of the appeal are assessed against the Plaintiffs, Edmund R. Briley and Margaret Coleman Briley, and their surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.