IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS AUGUST 4, 2006

## LEONARD FRAZIER v. DONAL CAMPBELL, ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. 02-0393-2    Arnold B. Goldin, Chancellor

No. W2006-00031-COA-R3-CV - August 31, 2006

This appeal involves a petition for writ of certiorari filed by a state prisoner. After drugs were discovered in the inmate's incoming mail, he was sentenced to punitive segregation. He sought review of his conviction in the Shelby County Chancery Court, which later dismissed his case without prejudice for lack of prosecution. The inmate filed a notice of appeal which we have determined was untimely and therefore a nullity. As a result, we must dismiss this appeal without considering the issues presented by the Petitioner.

Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Leonard Frazier, *pro se*, Tiptonville, TN

Paul G. Summers, Attorney General & Reporter; Arthur Crownover, II, Senior Counsel, Nashville, TN, for Appellees

### OPINION

### I. FACTS & PROCEDURAL HISTORY

Leonard Frazier ("Frazier" or "Petitioner") is an inmate in the custody of the Tennessee Department of Correction at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. On June 26, 2001, Frazier received a disciplinary infraction for drug possession after forty-nine morphine pills were found in a package which Frazier had signed to receive. The disciplinary board conducted a hearing and convicted Frazier of the charged offense. As a result, he was sentenced to punitive segregation. The conviction was subsequently upheld on first- and second-level appeals, by the Prison Warden and Commissioner of the Department of Correction,

respectively. Frazier then filed a Petition for Writ of Certiorari on February 28, 2002, asking the Shelby County Chancery Court to review the decision.

The defendants, the Tennessee Department of Correction and Donal Campbell, former Commissioner, filed a motion to dismiss on May 9, 2002. They alleged that the Shelby County Court lacked subject matter jurisdiction over a petition for writ of certiorari filed against the Department of Correction, a state agency. In addition, they claimed that Frazier's petition was barred by the applicable statute of limitations. Frazier filed a response to the defendants' motion on May 10, 2002. On July 12, 2002, he filed a motion for entry of default judgment, stating that the defendants had failed to respond to his complaint within thirty days. It appears that no further action was taken in the case until September 9, 2005, when a hearing was held upon motion of the Clerk and Master to dismiss for lack of prosecution.[1] An order was entered dismissing the case without prejudice on that same day. Frazier filed a notice of appeal on October 31, 2005. He had signed his notice of appeal on October 12, 2005.

## II. ISSUES PRESENTED

On appeal, Frazier presented the following issues, as we perceive them, for review:
1.      Whether the trial court improperly failed to transfer his petition to the appropriate jurisdiction; and
2.      Whether application of the statute of limitations for seeking a writ of certiorari would deny him a reasonable opportunity to assert a claim in a meaningful time and manner.

However, we do not reach consideration of the issues presented because our review of the record in this case reveals that his notice of appeal was untimely.

## III. DISCUSSION

Tennessee Rule of Appellate Procedure 3(a) states that "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." However, appeals as of right are "taken by timely filing a notice of appeal with the clerk of the trial court." Tenn. R. App. P. 3(e). "[T]he notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). This thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) (citing *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003)).

---

[1] Rule 22 of the Shelby County Local Rules of Practice provides for dismissal for lack of prosecution "whenever a cause has remained on the Rule Docket for twelve (12) months or more without steps being taken by the Plaintiff to dispose of the cause." The Clerk and Master is entitled to request the court for a dismissal of the cause without prejudice.

Filing a notice of appeal is an essential step necessary to a valid appeal as of right, which is not waivable. Tenn. R. App. P. 2 advisory commission comment. An appellate court is not authorized to extend the time limit for filing a notice of appeal. *Briley v. Chapman*, 182 S.W.3d 884, 889 (Tenn. Ct. App. 2005) (citing *Arfken & Assoc. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); Tenn. R. Civ. P. 2; Tenn. R. Civ. P. 21(b)). In civil cases, a party's failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal. *Briley*, 182 S.W.3d at 889 (citing *McGaugh v. Galbreath*, 996 S.W.2d 186, 189 (Tenn. Ct. App. 1998); *American Steinwinter Investor Group v. American Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997). As a result, the appellate court must dismiss the appeal if the notice was not timely filed. *Id.*

As previously noted, on September 9, 2005, the chancellor entered an order dismissing Frazier's case for lack of prosecution. Frazier's notice of appeal was filed on October 31, 2005. However, since Frazier is a *pro se* litigant incarcerated in a correctional facility, we do not look to the date on which his notice of appeal was filed. Instead, "filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). Still, Frazier did not sign his notice of appeal until October 12, 2005, after the thirty-day time limit for filing an appeal had expired. Therefore, he could not have delivered the papers to the appropriate official for mailing in a timely manner. When timeliness of filing becomes an issue, the burden is on the *pro se* litigant to establish compliance with the Rule. Tenn. R. App. P. 20(g). Frazier did not mention the timeliness of his notice of appeal in his brief, and did not attempt to establish compliance after the Defendants raised the issue in their brief. Because his notice of appeal was not timely delivered for mailing, within thirty days of the final judgment, this Court is without jurisdiction to hear the appeal. Frazier's untimely notice of appeal is a nullity, and therefore, the trial court's order has become final.

While we realize the "legal naivete" of a *pro se* litigant such as Frazier, we must not allow him an unfair advantage because he represents himself. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 651-52 (Tenn. Ct. App. 1989). *Pro se* litigants who invoke the complex and technical procedures of the courts assume a very heavy burden. *Id.* at 652, (citing *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I. 1987)). While they are entitled to fair and equal treatment, they must follow the same procedures as a represented party. *Id.* (citations omitted).

We find it appropriate to include the following observation of the Eastern Section of this Court, when faced with this same situation in *Grigsby v. Univ. of Tenn. Med. Ctr.*, No. E2005-01099-COA-R3-CV, 2006 WL 408053, at *2-3 (Tenn. Ct. App. Feb. 22, 2006). The Court was forced to dismiss the appeal of a *pro se* litigant because his notice of appeal was not timely filed, and stated:

> We do not favor dismissing *pro se* litigants' appeals on what might appear to be technicalities. However, while parties who choose to represent themselves are entitled to fair and equal treatment, they are not entitled to shift the burden of litigating their case to the courts, *see*

> *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir.1983), or to be excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. *See Irvin v. City of Clarksville*, 767 S .W.2d 649, 652 (Tenn. Ct. App. 1988). Accordingly, they must act within the time periods provided by the applicable statutes and rules in order to have their cases considered. *See Williams-Guice v. Board of Educ.*, 45 F.3d 161, 164 (7th Cir.1995); *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987).

*Id.*, (citing *Goad v. Pasipanodya*, No. 01A01-9509-CV-00426, 1997 WL 749462, at *2 (Tenn. Ct. App. Dec. 5, 1997)). Unfortunately Mr. Frazier's appeal was not timely filed, and therefore we may not consider the issues he has presented for our review.

## V. CONCLUSION

For the aforementioned reasons, we dismiss this appeal and costs are assessed against the Appellant, Leonard Frazier, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-4-