IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2023 Session

## FLEXIBILITY CAPITAL, INC. v. SABATINO CUPELLI ET AL.

**Appeal from the Circuit Court for Hamilton County**
No. 22C429     Kyle E. Hedrick, Judge
———————————————————

**No. E2023-00335-COA-R3-CV**
———————————————————

This is a breach of contract case involving the defendants' purported failure to pay amounts owed under a Future Receivables Sale and Purchase Agreement. Due to Appellant's failure to file a timely notice of appeal, we do not reach the substantive issues and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

David Jonathan Tulis, Soddy-Daisy, Tennessee, Pro Se.

John R. Cheadle, Jr. and Mary Barnard Cheadle, Nashville, Tennessee, for the appellee, Flexibility Capital, Inc.

## OPINION

### I. Background

In early 2020, Sabatino Cupelli[1] and David J. Tulis (collectively, "Defendants") were business partners operating Hot News Talk Radio, a radio station. On February 6,

---

[1] A notice of appeal was filed with this Court on March 8, 2023, which appears to include the signatures of both Defendants and states they are both appealing the trial court's judgment. However, an amended notice of appeal was subsequently filed on April 10, 2023. The amended notice of appeal includes only the signature of Tulis and makes no mention of or reference to Cupelli. Given this, and the fact that Cupelli has filed nothing in this Court other than the original notice of appeal, we treat Cupelli as having not participated in this appeal.

2020, Hot News Talk Radio, LLC ("Radio"), a Delaware LLC[2] of which Defendants were the only members, entered into a Future Receivables Sale and Purchase Agreement (the "Agreement") with Flexibility Capital, Inc. ("Flexibility"), a New York corporation. Under the Agreement, Flexibility purchased 10% of Radio's future receipts of monies paid and delivered to Radio by Radio's customers and/or other vendees, up to $24,140.00 (the "Purchased Amount"). In exchange, Flexibility paid $17,000.00 (the "Purchase Price") to Radio.

The Agreement provides that Radio shall make daily installment payments of $164.22 toward the Purchased Amount. To facilitate this, the Agreement requires that Radio deposit all future receipts into a single bank account and authorizes Flexibility to initiate daily debits from that account each weekday until the Purchased Amount is paid in full. The Agreement contains a reconciliation process that Radio could initiate to receive a credit back to its bank account in the event that 10% of Radio's receipts for a month was less than the amount actually paid to Flexibility during that month. The Agreement also contains a procedure that Radio could use to request modification of the daily installment amount to more closely align with Radio's actual receipts.

The Agreement also states that the Purchase Price was paid to Radio in consideration for the ownership of the purchased receipts and "that payment of the Purchase Price by Flexibility is not intended to be, nor shall it be construed as a loan from Flexibility to [Radio] that requires absolute and unconditional repayment on a maturity date." Included among the Events of Default defined by the Agreement was "Four (4) or more ACH transactions attempted by Flexibility in one calendar month are rejected by [Radio]'s bank." The Agreement includes a choice of law and forum selection clause:

> **Governing Law, Venue and Jurisdiction.** This Agreement shall be governed by and construed exclusively in accordance with the laws of the State of New York, without regards to any applicable principles of conflicts of law. Any lawsuit, action or proceeding arising out of or in connection with this Agreement shall be instituted exclusively in any court sitting in New York State, (the "Acceptable Forums"). The parties agree that the Acceptable Forums are convenient, and submit to the jurisdiction of the Acceptable Forums and waive any and all objections to inconvenience of the jurisdiction or venue. Should a proceeding be initiated in any other forum, the parties waive any right to oppose any motion or application made by either party to transfer such proceeding to an Acceptable Forum.

---

[2] The record reveals that Hot News Talk Radio, LLC was formed on May 6, 2014, but was cancelled by the Delaware Secretary of State in 2016 – four years prior to the execution of the Agreement – due to its failure to appoint a registered agent.

Contemporaneous with the execution of the Agreement, Defendants each signed a Personal Guaranty of Performance (the "Guaranty") whereby they jointly and severally agreed to pay or perform all of Radio's obligations in the event that Radio defaulted or breached its obligations under the Agreement. The Guaranty also contains a choice of law and forum selection clause that substantively mirrors the clause in the Agreement.

The first failed ACH debit from Radio's bank account occurred on March 3, 2020. Additional failed ACH debits occurred on March 9, 11, 12, and 13, 2020. On or about August 2, 2021, Flexibility filed a Civil Summons against Defendants d/b/a Hot News Talk Radio (Nooga Radio) in the Hamilton County General Sessions Court to collect the remaining $21,061.38 of the Purchased Amount plus attorney's fees of $5,265.35. On March 29, 2022, the parties appeared in General Sessions Court and Defendants consented to the entry of default judgment in the amount of $24,999.99 plus post-judgment interest at a rate of 12%. On April 8, 2022, Defendants appealed the General Sessions Court judgment to the Hamilton County Circuit Court.

On May 16, 2022, Flexibility filed a motion for summary judgment and a statement of undisputed material facts pursuant to Rule 56.03 of the Tennessee Rules of Civil Procedure. Flexibility averred, *inter alia*, that Defendants executed the Agreement; Flexibility provided Defendants the money set forth in the Agreement; Defendants failed to pay as promised; the Agreement provides for the continuing accrual of interest and for the payment by Defendants of Flexibility's attorney's fees of 25% of the balance due; the Agreement is secured by a UCC-1 lien, which grants Flexibility a first priority lien on all of "Seller's" tangible and intangible assets; and that Defendants detain Flexibility's collateral and have declined to turn over possession of the collateral to Flexibility.

Defendants did not respond to the Rule 56.03 statement of facts. However, Defendants filed a number of documents setting forth various arguments in response to the motion for summary judgment. A hearing on Flexibility's motion occurred on November 7, 2022. The trial court found that the averments in Flexibility's Rule 56.03 statement of facts were undisputed and that Flexibility was entitled to judgment as a matter of law. The trial court announced its ruling from the bench at the conclusion of the hearing and entered a written order memorializing its ruling on December 5, 2022 (the "Summary Judgment Order"). A flurry of motions, hearings, and orders followed.

On November 17, 2022, after the hearing on Flexibility's motion for summary judgment, but before the Summary Judgment Order was entered, Defendants filed a motion to reconsider the trial court's grant of summary judgment (the "Motion to Reconsider"). In the Motion to Reconsider, Defendants did not reference Rules 59 or 60 of the Tennessee Rules of Civil Procedure, and instead argued for the first time that the Agreement is "an illegal usury contract" and that the trial court should declare it void. Defendants argued,

in a "Brief in support of motion to reconsider," that Flexibility made misrepresentations in its Rule 56.03 statement of facts. They also argued that "[i]t has taken this long for accused to realize they are victims of fraud of which this prosecution is a part[,]" and claim they are making their Motion to Reconsider to avoid "fraud on the court." Flexibility argued in response that Defendants waived these arguments by waiting to raise them for the first time after summary judgment was entered. It also argued that the contractual interest rate was not usurious.

A hearing on Defendants' Motion to Reconsider occurred on December 19, 2022. On the morning of the hearing, Defendants filed an "Answer to plaintiff response to motion to reconsider, challenge to subject matter jurisdiction[.]" Defendants argued for the first time that the trial court lacked subject matter jurisdiction "on grounds of (1) unconscionability of the agreement, and, (2) [Flexibility]'s resultant lack of standing[.]" However, their arguments in support of this issue simply repeated the same complaints already raised by Defendants about the structure of the Agreement and their position that the Agreement is usurious. There is no transcript or statement of evidence from the December 19 hearing; however, the record reveals that the trial court denied Defendants' motion in an oral ruling from the bench at the conclusion of the hearing. A written order to that effect was entered January 18, 2023, finding

> that [Flexibility]'s motion for summary judgment was properly granted and the [c]ourt will not disturb its earlier ruling. . . . Defendants are now attempting to belatedly assert new defenses, including subject matter jurisdiction. The time has run to assert such defenses. The judgment is final. Defendants' motion to reconsider is denied.

On December 22, 2022, after the hearing on the Motion to Reconsider, but before the written order denying it was entered, Defendants filed a "Motion to set aside order for intrinsic fraud, & demand for mandatory judicial notice" in which they sought, once again, to have the trial court set aside its grant of summary judgment (the "Motion to Set Aside"). Defendants repeated the arguments previously set forth in their Motion to Reconsider and "Answer" to Flexibility's response to the Motion to Reconsider. Defendants also complained that the trial court did not rule on the substance of Defendants' newly raised subject matter jurisdiction defense. Defendants requested relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure and "demand[ed] a setting aside of the [Summary Judgment Order] if only for purposes of the docket. A set-aside would allow time for a hearing and for the court to reset the 30-day clock for notice of appeal, which toll otherwise hits Jan. 4."

A hearing on Defendants' Motion to Set Aside occurred on February 6, 2023. There is no transcript or statement of evidence from the February 6 hearing; however, the record

reveals that the trial court denied Defendants' motion in an oral ruling from the bench at the conclusion of the hearing. A written order to that effect was entered April 10, 2023, *nunc pro tunc* to February 15, 2023, finding "that the [c]ourt has previously addressed and denied defendants' request upon hearing defendants' previously filed motion to reconsider. . . . Defendants' motion to set aside is also denied."

On March 8, 2023, after the hearing on the Motion to Set Aside, but before the written order denying it was entered, and 49 days after the entry of the January 18, 2023 order denying Defendants' Motion to Reconsider, Defendants filed a notice of appeal with this Court "appeal[ing] summary judgment against them as [a] matter of right, pursuant to oral denial Feb. 6, 2023, of accuseds' 'Motion to set aside[.]'" As noted above, an amended notice of appeal was filed with this Court on April 10, 2023. The amended notice of appeal was signed only by Tulis and made no reference to or mention of Cupelli. Instead, the amended notice of appeal provides notice that "accused appeals summary judgment and execution against him as matter of right, pursuant to oral denial Feb. 6, 2023, of accuseds' 'Motion to set aside[.]'"

## II. Issues Presented on Appeal

Flexibility raises a threshold issue on appeal, which we have slightly restated for clarity:

1. Whether the notice of appeal was timely filed pursuant to Rule 4(b) of the Tennessee Rules of Appellate Procedure and Rule 59.01 of the Tennessee Rules of Civil Procedure.

Tulis also raises a threshold issue on appeal, which we have slightly restated for clarity:

2. Whether the trial court erred in failing to address Defendants' arguments that it lacked subject matter jurisdiction due to Flexibility's purported lack of standing.

Tulis raises the following substantive issues on appeal, which we have slightly restated for clarity:

3. Whether the Agreement is "a lawful advance purchase of future receivables contract in which the lender takes market risk, including loss of its money, or" whether "the absolute requirement for repayment mean[s] the contract is for a loan of money."

4. Whether the loan at 208.05% APR and lawsuit to enforce it are an unconscionable and fraudulent violation of usury limits at Tennessee Code Annotated sections 47-14-103 and 47-14-110.

## III. Analysis

As he did in the trial court, Tulis proceeds pro se in this appeal. Nonetheless, he "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)).

An appeal as of right to this Court is initiated "by timely filing a notice of appeal with the clerk of the appellate court as provided in Rule 4 [of the Tennessee Rules of Appellate Procedure.]" Tenn. R. App. P. 3(e). "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Briley v. Chapman*, 182 S.W.3d 884, 889 (Tenn. Ct. App. 2005) (quoting *Arfken & Assocs. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002)). This Court is without authority to suspend the requirements of Rule 4 to extend the time for filing a notice of appeal. *See* Tenn. R. App. P. 2. Consequently, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Arfken*, 85 S.W.3d at 791.

The notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-[judgment] motion or a notice of an appeal." *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (citing Tenn. R. Civ. P. 59.02 and Tenn. R. App. P. 4(a)–(b)). "A final judgment . . . is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Id.* at 836–37 (citing *In re Est. of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)). Alternatively, "[w]hen more than one claim for relief is present . . ., or when multiple

parties are involved, the court . . . may direct the entry of a final judgment . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Tenn. R. Civ. P. 54.02(1). The Summary Judgment Order states: "This is a final judgment, pursuant to Rule 54.02, <u>Tennessee Rules of Civil Procedure</u>, there being no just reason for delay." Accordingly, in the absence of a timely post-judgment motion enumerated in Rule 59.01 of the Tennessee Rules of Civil Procedure, the entry of the Summary Judgment Order would have triggered the commencement of the thirty-day period in which Tulis could timely file a notice of appeal.

Nevertheless, "[i]f timely, certain post-[judgment] motions,[3] such as [a] motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion." *Ball*, 288 S.W.3d at 836 (citing Tenn. R. App. P. 4(b)); *see Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). "[W]hen determining whether a post-[judgment] motion is one of those designated by the rules of civil and appellate procedure as tolling commencement of the time for filing a notice of appeal, courts must consider the substance of the motion, rather than its form."[4] *Tenn. Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998). On November 17, 2022, after the trial court orally stated that it was granting summary judgment in favor of Flexibility, but prior to the entry of the written Summary Judgment Order, Defendants filed the Motion to Reconsider, wherein they asked "[t]hat the order for summary judgment proposed at the Nov. 9, 2022, hearing be stricken[.]" Though they called it a motion to reconsider, which is not one of the motions enumerated in Rule 4(b) of the Tennessee Rules of Appellate Procedure and Rule 59.01 of the Tennessee Rules of Civil Procedure, we conclude that this motion was in substance a motion to alter or amend the Summary Judgment Order filed pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. A motion filed pursuant to Rule 59.04 must be filed and served within thirty days after the entry of the judgment sought to be altered or amended, Tenn. R. Civ. P. 59.04, and it is

---

[3] Rule 4(b) of the Tennessee Rules of Appellate Procedure provides:

> In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; (4) under Rule 59.04 to alter or amend the judgment; the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

These are the same motions enumerated in Rule 59.01 of the Tennessee Rules of Civil Procedure.

[4] "To avoid confusion, however, attorneys [and parties] filing post-[judgment] motions should utilize the titles referenced in Rule 4 [of the Tennessee Rules of Appellate Procedure] and Rule 59.01 [of the Tennessee Rules of Civil Procedure]." *Tenn. Farmers Mut. Ins. Co.*, 970 S.W.2d at 455.

well-settled that a trial court speaks not through oral rulings, but through its written orders. *See Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015) (collecting cases). Consequently, Defendants' motion was technically filed early since it was filed prior to the entry of the trial court's written order.

"However, we have previously interpreted this rule to mean that a motion under Rule 59.04 may be filed prior to the entry of a final judgment." *Lovett v. Lynch*, No. M2016-00680-COA-R3-CV, 2016 WL 7166407, at *1 n.5 (Tenn. Ct. App. Dec. 8, 2016) (citing *Hawkins v. Hawkins*, 883 S.W.2d 622, 625 (Tenn. Ct. App. 1994)). Therefore, we deem Defendants' Motion to Reconsider to be a timely filed motion under Rule 59.04 to alter or amend the judgment. Because this is one of the enumerated motions anticipated by Rule 4(b) and Rule 59.01, it tolled commencement of the thirty-day period for filing a notice of appeal until the trial court entered an order granting or denying the motion. Ultimately, the trial court entered an order denying Defendants' Motion to Reconsider on January 18, 2023, which triggered the commencement of the thirty-day period in which Tulis could timely file a notice of appeal. *See Ball*, 288 S.W.3d at 836.

Tulis's initial notice of appeal was not filed until March 8, 2023, forty-nine days after the entry of the written order denying Defendants' Motion to Reconsider. Therefore, Flexibility argues, Tulis's notice of appeal was not timely, and this Court lacks subject matter jurisdiction to hear this appeal. Conversely, Tulis argues that his thirty-day period to file his notice of appeal actually commenced upon the trial court's entry of an order denying Defendants' second post-judgment motion. On December 22, 2022,[5] after the trial court orally stated that it was denying Defendants' Motion to Reconsider but prior to the entry of the written order to that effect, Defendants filed the Motion to Set Aside in which they sought, once again, to have the trial court set aside its grant of summary judgment. Defendants requested relief pursuant to Rule 60.02 and "demand[ed] a setting aside of the [Summary Judgment Order] if only for purposes of the docket. A set-aside would allow time for a hearing and for the court to reset the 30-day clock for notice of appeal, which toll otherwise hits Jan. 4." Defendants also "demand[ed] the court write an order stating its findings of law and fact for purposes of appeal[.]"

Despite Defendants stating they were seeking relief pursuant to Rule 60.02, in the context of that rule:

> "final judgment" refers both to a decision adjudicating all the claims, rights, and liabilities of all the parties ***and*** to the fact that more than thirty days have passed since the final judgment was entered. *See Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn.1977) ("The function of [Rule 60.02] is to give relief

---

[5] Seventeen days after the entry of the Summary Judgment Order.

from ***final*** judgments; Rule 59 . . . is the appropriate remedy for asserting alleged errors affecting a judgment which has not yet ***become final***.").

*Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012). "When a trial court certifies a judgment as final pursuant to Rule 54.02, motions seeking relief from that judgment should be premised upon Rule 59, if filed within thirty days of its entry, and upon Rule 60, if filed more than thirty days after its entry." *Id*. at 488 n.18. Tulis adamantly argues that the Motion to Set Aside was not a motion to reconsider the trial court's denial of the Motion to Reconsider. *See* Tenn. R. Civ. P. 59.01 (prohibiting motions to reconsider the motions enumerated therein). It is clear that the Motion to Set Aside filed within thirty days of the entry of the Summary Judgment Order was, in fact, a second Rule 59.04 motion to alter or amend the Summary Judgment Order.

"[U]nder Tennessee law, a party cannot file serial post-judgment motions to alter or amend seeking the same relief; such motions do not operate to extend the time for filing a notice of appeal." *Davis v. Wells Fargo Home Mortg.*, No. W2016-02278-COA-R3-CV, 2018 WL 1560077, at \*3 (Tenn. Ct. App. Mar. 29, 2018) (citing *Legens v. Lecornu*, No. W2013-01800-COA-R3-CV, 2014 WL 2922358, at \*8–9 (Tenn. Ct. App. June 26, 2014); *Gassaway v. Patty*, 604 S.W.2d 60, 61 (Tenn. Ct. App. 1980)); *see also Metro. Gov't of Nashville & Davidson Cnty. v. RSF Invs., LLC*, No. M2016-02221-COA-R3-CV, 2017 WL 2996753, at \*5 (Tenn. Ct. App. July 14, 2017) ("a party may not file successive or serial post-trial motions on substantially the same grounds in an attempt to further extend the time for filing a notice of appeal" (citing Tenn. R. Civ. P. 59.01, Adv. Comm'n Cmt.; *Barnes v. Barnes*, No. M2012-02085-COA-R3-CV, 2014 WL 1413931, at \*3 (Tenn. Ct. App. Apr. 10, 2014))). "The purpose of the rule is to bring finality to proceedings in the trial court when the trial judge has ruled upon any of the listed motions." *Legens*, 2014 WL 2922358, at \*9 (quoting *Daugherty v. Lumbermen's Underwriting All.*, 798 S.W.2d 754, 757 (Tenn. 1990)). "Because there must be an end to litigation, the second motion to alter or amend ***on the same grounds*** as the first motion is a nullity." *Id.* (quoting *Anderson Props. v. Inman*, No. 01A01-9503-CH-0008, 1995 WL 502669, at \*7 (Tenn. Ct. App. Aug. 25, 1995)). Thus, we must determine whether the Motion to Set Aside was a serial post-judgment motion seeking to alter or amend on the same grounds as the earlier Motion to Reconsider.

On November 17, 2022, Defendants filed the Motion to Reconsider and a Brief in support thereof. The Motion to Reconsider is based upon Defendants' theory that the Agreement is usurious and, therefore, void. They also argue that Flexibility committed fraud upon Defendants and the trial court by "suing to enforce a contract they call a loan for money that puts the entire action under the shadow of Tennessee's usury ban." On December 19, 2022, the morning of the hearing on their Motion to Reconsider, Defendants filed an "Answer to plaintiff response to motion to reconsider, challenge to subject matter

jurisdiction." In this "Answer," Defendants state that they are filing it "in support of their oral arguments on this date to demand dismissal of the action against them for the lack of the [trial] court's having subject matter jurisdiction on grounds of it being induced to enforce an unconscionable contract." The Answer "incorporates by reference" the Motion to Reconsider and Brief in support thereof and "consummates accuseds' analysis of the illegality of the Flexibility contract to show, thusly, plaintiff's lack standing with which to file the lawsuit, not having ground to bring suit, and lacking wherewithal to give the court subject matter jurisdiction over the dispute between the parties." With regard to the newly raised issue of the trial court's subject matter jurisdiction, Defendants argue that because the Agreement is usurious, it is void; therefore, Flexibility does not have standing to bring the underlying lawsuit, and due to Flexibility's lack of standing, the trial court lacks subject matter jurisdiction over the lawsuit. Defendants ask the trial court to declare the Agreement "void *ab initio* as against the law of state of Tennessee and against public policy prohibiting usury" and that the Summary Judgment Order "be stricken[.]" Following the December 19 hearing, the trial court denied Defendants' Motion to Reconsider.

On December 22, 2022, Defendants filed the Motion to Set Aside. Defendants referenced the December 19 hearing on Defendants' Motion to Reconsider which "highlight[ed] two areas of the lawsuit requiring review[:] (1) The contract is illegal as a usurious loan . . .[; and] (2) The prosecution of the case is by a party engaging in intrinsic fraud." Defendants then go on to re-argue the same theories raised in the Motion to Reconsider, Brief in support thereof, and Answer in support thereof. Defendants also demand that the trial court take judicial notice of various authorities that they cite in support of their arguments and various "facts" that they believe support their arguments. Finally, Defendants demand that the trial court set aside the Summary Judgment Order "if only for purposes of the docket . . . [to] allow time for a hearing and for the [trial] court to reset the 30-day clock for notice of appeal," and "demand the [trial] court write on order stating its findings of law and fact for purposes of appeal and also, if accused are correct, to serve as notice to foreign entities such as Flexibility Capital and others in like situation bold enough to entrap people in Tennessee to eat out their substance." It is clear that the Motion to Set Aside was a serial post-judgment motion seeking to alter or amend the Summary Judgment Order on the same grounds that were raised in the earlier Motion to Reconsider. Defendants also do themselves no favors by making clear that they are filing serial post-judgment motions for the express purpose of defeating the time constraints of Rule 4(a) of the Tennessee Rules of Appellate Procedure. The Motion to Set Aside was, therefore, a nullity. *Legens*, 2014 WL 2922358, at *9.

Because the Motion to Set Aside was a nullity, the entry of the January 18, 2023 order denying Defendants' Motion to Reconsider triggered the commencement of the thirty-day period in which Tulis could timely file a notice of appeal. *See Ball*, 288 S.W.3d at 836. Tulis's deadline to file a notice of appeal was February 17, 2023. Tulis did not file

his initial notice of appeal until March 8, 2023.  Because Tulis failed to timely file a notice of appeal, this court does not have jurisdiction to hear the appeal.  *See Briley*, 182 S.W.3d at 889.

## CONCLUSION

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed to Appellant, David J. Tulis, for which execution may issue if necessary.


_____
KRISTI M. DAVIS, JUDGE